Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from the Circuit Court of the United States-held in and for the District of Kentucky, by the district judge.
 

 Taylor, the complainant below,. filed a bill against Robert Patton, the intestate and ancestor of the defendants, praying relief against two judgments recovered against him at law, upon sécurities given for the purchase-money of two thousand acres of land situate in the State of Kentucky, and sold and conveyed by the latter to the former. The bill was filed at the November term, in the year 1820.; and the suit has been pending ever since. The sale and conveyance of the land took place September 3d, 1818, the consideration being $ 5,000. payable one half on the 30th of January, 1819, and the other in one year thereafter. The deed contained covenants for further assurance, and of warranty, and the grantee entered into possession of the premises, and has held it'ever since.
 

 The only allegations in the bill upon which the complainant relied for staying the collection of the judgments, and.setting'aside the sale and conveyance, are, that the said Patton had no title to the land at thedime of the purchase, nor since; and that he had become insolvent, and possessed no personal responsibility.
 

 The defendant admits, in his answer, that he had no legal title, and that it was, at the time, in the heirs of one Thomas Southcombe, but insists that he had purchased the land of Southcombe, had paid for it, and- had been in the peaceable possession of the same, and paid the taxes thereon, for more than twenty years, and until the time of the sale; and that the complainant well knew the nature and condition of the title at the time of the purchase, and the taking of the deed.
 

 The" answer alsp sets up an assignment of the securities taken for the purchase-money, from the defendant to Wither-spoon and Muirhead,- in payment of a decree in chancery which they held against him; that it was made in the presence, and-with the knowledge and consent, of the complainant, and that
 
 *158
 
 the suits were brought, and the judgments in question recovered, by them and for their benefit.
 

 On the death of Robert Patton, the complainant revived the suit, against his heirs and personal representatives, on the - 13th of November, 1829. The answer to this bill, which relies mainly’upon the facts set forth in the previous answer of Patton, was put in and filed in July, 1844.
 

 The cause was heard on the pleadings and proofs on the 13th of May, 1845, and thereupon it was adjudged and decreed by the court, that the contract entered into between the complainant and Robert Patton, for the purchase and sale of the land for the sum of $ 5,000, as set forth in the bill and admitted in the answer, be rescinded and annulled; that the judgments recovered at law for the purchase-money be perpetually enjoined ; and that the deed of the 3d of September, 1818, be can-celled and held for naught.
 

 The decree then provides for the repayment by the heirs of Patton of such portions of the purchase-money as had been paid by Taylor, after deducting the rents' and profits which he may have received from the premises, over and above expenditures for necessary repairs and" improvements ; and on such repayment, the possession is ordered to be delivered up to the heirs, and a reconveyance to be made by the complainant to them, with a covenant against his own acts affecting the title ; and also providing that the heirs shall hold the lands in trust for the benefit of Witherspoon and Muirhead, the assignees and owners of the judgments at law.
 

 The cause is then referred to the master, to take and state an account of the rents and profits, improvements, &c., upon the principles settled, and to report to the court.
 

 There is some evidence in the case tending to prove that the defendant, Robert Patton, represented to the complainant during the negotiation between them for the sale and purchase of the lands in question, that he held at the time the legal title ; and that the cofnplainant had reason to believe that he would be invested with it by the conveyance of the 3d of September, 1818.
 

 The circumstances, however, that Taylor was, at the time, artd for several years before had been, the general agent of Patton in Kentucky to take charge of his lands in that State, including the premises in question, to pay the taxes, and negotiate sales to purchasers, lead to the conclusion, that he must himself have had some knowledge of the title, and that he was' willing to risk it, on receiving a warranty déed from Patton, who was supposed to be a man of wealth. Where the truth of this matter lies, it is not material to inquire; for no such
 
 *159
 
 question is made on the pleadings, or was involved at the hearing. It is not surprisingj therefore, that the proofs in respect to it to be found on the record are vague and unsatisfactory; as, probably, the attention of neither party was particularly drawn to it. Indeed, it could not consistently have been, as the charge of fraud or misrepresentation is not to be found in the bill as originally drawn, nor in the amended bill filed some two years and a half afterwards. Nor is it made in the bill of revivor, which was filed as late as November, 1829.
 

 The relief prayed for is put, both in the original and amended bills, entirely upon thé defect of legal title in Patton at the time of the conveyance, and in connection with this, his subsequent insolvency; and'unless thjs ground alone is sufficient to sustain it, the decree of the court below cannot be upheld. And that it is not, we need only refer to the authorities on the subject. Bumpus
 
 v.
 
 Platner, 1 Johns. Ch. 213-218; Abbot
 
 v.
 
 Allen, 2 ib. 519; Gouverneur
 
 v.
 
 Elmendorf, 5 ib. 79; Simpson
 
 v.
 
 Hawkins, 1 Dana, 305, 308, 312; James
 
 v.
 
 McKernon, 6 Johns. 543.
 

 These cases will show that a purchaser, in the undisturbed possession of the land, will not be relieved against the payment of the purchase-money on the mere ground of defect of title, there being no fraud or misrepresentation; and that, in such a case, he must seek his remedy at law on the covenants in his deed. That if there is no .fraud, and no covenants to secure the title, he is without remedy; as the vendor, selling in good faith, is not responsible for the goodness of his title, beyond the extent of his covenants in the deed. And further, that relief will not be afforded, even on the ground of fraud, unless it be made a distinct allegation in the bill, so that it may be put in issue by the pleadings.
 

 It follows that the court below erred, and that the decree should be reversed, and the bill dismissed.
 

 There is another point in the case in respect to which we think the court also erred, and - which we will for a moment noticé, namely, the rejection' ofjthe deposition of Talbott offered in evidence by the defendants below. The deposition tended to prove that the notes given for the purchase-money had been assigned and transferred by Patton to Witherspoon and Muirliead, his creditors, with the- knowledge and assent of Taylor, in consideration of which the creditors agreed to postpone the payment of the demand against Patton. Talbott was rejected on the ground of interest, as it appeared upon the face of his own deposition,— 1. as surety for Patton in the suit,at law ; and, 2. as assignee of the notes for the benefit of With-erspooq and Muirhead.
 

 In answer to the first ground, it is sufficient, to sav, that
 
 *160
 
 judgments had been recovered by default in the suits at law in favor of Patton. And to the second, that, according to the deposition, Talbott had no interest whatever in the result of the suit. He held the notes as a naked trustee, the proceeds of which, whén collected, were to be applied to the payment of the debt of Witherspoon and Muirhead, his clients. He had no charge upon the fund, by any agreement or understanding with Patton, or his-clients, for costs or commissions, as attorney, or otherwise, that would make him an interested witness. There was no foundation, therefore, for the exclusion of his evidence. But it is unnecessary .to pursue this inquiry, as the ground already stated sufficiently disposes-of the case.
 

 .Decree below reversed, and bill dismissed, with costs.
 

 Order..
 

 This cause came on to-be heard on the transcript of the record from the Circuit Court of the United States for the District of Kentucky, and was argued by counsel; on consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said Circuit Court, with directions to dismiss the bill of complainant, with costs.