J. R. Swan, J.
I. There are three kinds of defense which maybe set up in an answer under the code: 1. Matters which, by the common law, were usually plead in bar of the action; 2. Counterclaim; 3. Set-off. Although the answer may be so unskillftilly drawn as not to distinguish between the three, yet if it contain sufficient facts to show a defense under either, the court will not permit thp defendant to be prejudiced by his not making the proper distinction, in his answer, between the three kinds of defense.
The defense in this case was set up as a counter-claim.
The code allows any ground of defense existing in favor of a de■fendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff’s, claim, or connected with the subject of the action, to be set up as a. counter-claim. Code, sec. 94. This provision allows the defendant, to plead various matters of defense, which could not be entertained before the adoption of the code, either on account of the separation of the law and equity jurisdiction of courts, or the forms of actions and of pleadings.
But it neither changes contracts, nor alters the rights of parties; it only changes and enlarges the mode by which contracts shall be-enforced and existing rights vindicated. Hence, in the case before-217] us, the rights of Hill under the ^covenants in the deed of Butler, and under the alleged agreement as to a defect in the title,, must be determined upon the recognized principles of courts of ' law and equity, and can obtain no support by means of this provision of the code. In other words, the counter-claim must contain facts recognized by courts of law or equity as constituting an existing cause of action.
II. It is insisted that the defect in the title to the premises ought, to have been considered in fixing the amount due upon the mortgage, or a recovery of so much of the purchase money enjoined, as-would cover the alleged defect of title. In general, where the title fails, in whole or in part, a court will decree a return of the purchase money, even after the purchase money has been paid, and a delivery of the deed containing covenants of warranty, provided-there had been a fraudulent misrepresentation as to the title. Edwards v. McLeary, Cooper Eq. 308; Fenton v. Browne, 14 Ves. 144. *218 But if there be no ingredient of fraud, and the purchaser is not evicted, or something equivalent to an eviction has not transpired, the insufficiency of the title is no ground for relief against a security given for the purchase money, or for rescinding the purchase and claiming restitution of the money. The party is remitted to-his remedies on his covenants to insure his title. Abbott v. Allen, 2 Johns. Ch. 519; Edwards v. Bodine, 26 Mend. 109; Burkhamstead v. Case, 5 Conn. 528; Patten et al. v. Taylor, 7 How. 132; Leggett v. McCarty, 2 Edw. Ch. 124; Maner v. Washington, 3 Strob. 171; Lamerson v. Marvin 8 Barb. S. C. 11; Platt v. Gilchrist, 3 Sand. S. C. 118. And the party is remitted, in such ease, to the covenants in the deed, not on account of the forum in which he proposes to reduce the amount of the purchase money to the extent of the defect in the title, nor on account of the form of judicial ^proceedings, but because, so long as the grantee remains in [2XS possession and enjoys the fruits of the purchase, no real damage has accrued to him ; and the defective title may, by adverse possession, ripen into a perfect one. Simpson et al. v. Hawkins et al., 1 Dana, 309. And where there is no actual prosecution of the paramount title or incumbrance, the insolvency or non-residence of the vendor will not, when coupled with the mere existence of such title or incumbrance, give to the purchaser a right to equitable relief. Latham v. Morgan, 1 Sme. & Marsh. Ch. 618; Rawlins v. Timberlake, 6 Mon. 232. It is said by Chancellor Kent, in the case of Abbott v. Allen, 2 Johns. Ch. 522: “ It would lead to the greatest inconvenience and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts, or takes any measures to assert a hostile claim, can be permitted, on suggestion of a defect or failure of title, and on the principle of guia timet, to stop the payment of the purchase money, and of all proceedings at law to recover it.”
When the covetiant is broken at the time the suit is brought to recover the purchase money, the purchaser will be entitled to detain the purchase money to the extent to which he would, at that time, be entitled to recover damages upon the covenant. Knapp v. Lee, 3 Pick. 459; Rice v. Goddard, 14 Pick. 293.
It may however be said that the agreement set forth in the answer is'of such a nature that the general principles of -law relating to covenants of title in deeds are inapplicable. There are several answers to this position. The matters set forth in *219, 220 the answer are a detail of what transpired in various interviews between the plaintiff and defendant; and are so stated for the purpose of raising a presumption that the whole constituted a promise by Butler to obtain a conveyance from those who derive title 219] ^through Smith, etc. That the parties conversed upon the subject is abundantly shown by the answer ; but that the parties mutually understood that an express agreement was entered into, creating a legal liability, and changing their relation to each other under the covenants of title contained in the deed, we do not believe. There was no consideration for such an agreement. Miller v. Watson, 5 Cowen, 195. But if it were held to be an agreement, and that Butler failed to perform it, what damages is Hill entitled to? He is still in possession, enjoying the fruits of his purchase, and ripening his title by that possession. Shall he be compensated as though an eviction had taken place, because by possibility, or even probability, an outstanding title will be asserted ? This would be giving damages by reposing confidence and resting opinions upon a future event which may never happen, for the benefit of the purchaser, and at the same time leaving in him an inchoate title, which may, by possession, become perfect and paramount. At most, therefore, the defendants below would be entitled to nominal damages only, and where a counter-claim or set-off is set up, upon proof of which the party is entitled to nominal damages only, and the court below do not award them, this court on error will not disturb the judgment on that account, if such finding did not affect the costs. But the defendants did not ask for damages, but that Butler might be restrained by injunction from a recovery of the purchase money until he performed the agreement. Such relief must be denied. The plaintiffs in error do not desire to cancel the contract as. to the whole, or as to five seventy-two parts, or place Butler in the position, as respects the five seventy-two parts, he occupied before the sale. On the contrary, their claim is, that they shall retain possession, enjoy the fruits of the contract, have 220] the benefit of the title which is ^ripening, and pay nothing for it until Butler procures a perfect paper title. Such remedy would be making a new contract between the parties.
We are of the opinion that the same reasons which have influenced courts not to relieve, after deed made with covenants of warranty, against the payment of the purchase money, on the mere ground of defect of .title, when there was no fraud and no *221 •eviction, applies with equal force to the agreement set up in the answer.
If Butler was insolvent, and there was an action pending against Hill brought to assert a paramonut title under Smith, etc., or if no •deed had been made by Butler to Hill, and the action below had been upon a title bond or agreement, for the sale of the premises to Hill, the rights and remedies of Hill, upon such executory contract, would have been very different.
III. But it is insisted that the court below should have ascertained the extent and nature of the defect in the title, and, for this purpose, should have ordered the persons who hold the outstanding title to be made parties; settled their respective rights, legal and equitable : made a proper abatement of the purchase money; and ordered that portion of the premises to which Butler was found to have a perfet title, sold to pay the amount found due to him.
The outstanding title accrued in 1835.
Hill, in quiet possession under his deed, and enjoying the fruits •of his purchase, has no right to call upon the court to stir up a • litigation about an outstanding claim to the premises which has never been, and probably never will be, asserted by action or otherwise. If he desires to quiet his title, he can file a petition for that purpose, and under his alleged agreement with Butler, could probably subject the latter to the costs and expenses of the proceeding. To litigate and settle a question of title with third persons having -*no privity with the sale by Butler to Hill, for the purpose [221 of creating a right of action by way of counter-claim in a pending suit relating to that sale, we think is extending the defenses under the code beyond any legitimate claims of justice.

Judgment of the district court affirmed.

Brinkerhoee, Bowen, and Scott, JJ., concurred.
Bartley, C. J., dissented.