By the Court.—McCunn, J.
The first question to be disposed of, is whether this is an appealable order.
Looking at all the facts, and guided as we must be by the light’of a very recent case in the court of last resort (In the Matter of Duff, 51 How. Pr. 350), we must hold this is an appealable order. Section 388 of the Code declares, “That the court before which an *488 action is pending, or a judge or justice thereof, may in their discretion, and upon due notice, order either party to give the other an inspection or copy, or permission to take a copy of any books, papers, and documents in his possession, or under their control, containing evidence relating to the merits of the action or the defense therein. So that the very language of the section says the court may in their discretion ” order either party to give an inspection or copy, &e., of any books, papers and' documents. The section of the revised statutes (sec. 30, 2 R. S. 199), relating to this subject, says: “ The court shall have power in such cases as may be deemed proper to compel any party to a suit pending therein to produce and discover any books, papers and documents in his possession or power relating to the merits of any such suit or any defénse thereon.” Now, this certainly imparts only a discretionary power in the court or judge to determine under all the circumstances whether it is a proper case to exercise such discretionary power.
Formerly it was thought that a suitor cannot have a substantial right to what a judge or a court has a discretion to withhold or grant.
The party making the application, however, was not cut off from the relief he sought by the denial' in the first instance of such relief, for it was and is entirely in the discretion of the court to hear a renewal of the motion or not, and the judge can order it to be heard on the same papers if advisable.
This power I know is very rarely exercised, but still, there may be occasions when justice may require the exercise of just such a power ; because, in motions not appealable, a grevious wrong maybe committed by misapprehension of the law,- or the facts by the justice who hears the motion, and for which there might be no redress in the absence of the right to appeal, if this power to rehear did not exist. The case of White v. *489 Munroe (33 Barb. 650), until very recently might have been a case in point in favor of this present motion, not being an appealable motion, because I found that this decision (White n. Monroe), had not been overruled or disturbed in any way until the announcement of the decision in the Matter of Duff in September last. It is true, that appeals have been heard in the same court without the question of their being appealable motions being raised. Yet this settled nothing, and I certainly can find no case in our appellate court (court of appeals) until the case above cited (Duff’s Case, 51 How. Pr.) appeared on the subject. But we do find there (court of appeals) the following cases in point as to this not being an appealable order: St. Johnt v. West, 4 How. Pr. 329 ; Buffalo Savings Bank v. Newton, 23 N. Y. 160.
But, as I have said before, this very recent case in the court of appeals (Duff’s Case) disposes of all these questions, and settles the fact that any order, any discretionary order, made at special term, is appealable to the general term of same' court; and that upon the principle that an appellate court (general term) has a right to examine and say whether the judge below, on hearing the motion, exercised in his decision the proper discretion or not. I think this is a wise view, because it enables suitors and counsel who may deem themselves aggrieved by a decision against them, which, according to the old doctrine, was not deemed appeal-able, to appeal and have the question thoroughly discussed and disposed of in an appellate court without putting them to a renewal of a motion or to an application to rehear a motion when an order was granted which the party aggrieved might deem improvidently •granted against them. So that we must hold this to be an appealable order. The discretion of a judge should not be his mere will and pleasure, it should not be arbitrary, it should not be capricious. Discretion, *490 taken as it ought to be, is discernere per legem quid sit justum. If discretion were left arbitrary in the judge he might introduce whatever novelties or whims he thought best and proper—for instance, the case of People v. N. Y. Central R. R. Co., 29 N. S., 418, which (decision at special term) is certainly a novelty in its way. Now we all know such precedents should not be allowed to stand unless reviewed by an appellate court and examined with great care and caution. It was, I have no doubt, for the purpose of meeting just such cases—cases where such unlimited discretion is exercised—that the court of last resort have held such orders appealable and the exercise of such discretion reviewable by a court in banco.
The application made below, and the order granted thereunder, and from which this is an appeal, are so framed as to include in the same proceeding both the “discovery” authorized by the revised statutes and the “ inspection and copy,” &c., provided for by section 388 of the Code. It has been held that this can be done, (Lowell v. Clark, 7 How. 158).
Here the petition contains all the allegations required to bring the case within the provisions of the statutes. It shows that the books, papers, and entries are “ in the possession and under the control of the plaintiff and its officers ” ; that such books “ contain evidence relating to the defense of the action,” and that such books and entries relate to the defense therein. What more could this petition .state ? The action is against the sureties on a bond given by an officer of a bank to said bank for the faithful performance of his duties as such officer; and the plaintiffs allege as a breach of that bond that the defendant appropriated and paid to certain firms in this city large sums of money belonging to them (the bank) against the spirit of that bond. The defendant denies these breaches, and says that the officer for whom he became surety in that bond did not *491 commit these breaches, and alleges that if a full inspection of the books of the bank is granted such a state of facts, he is advised, will be discovered. We therefore hold that the order below should, be affirmed, with this exception, that the words “in the bank ” should be interlined after the word “hours” on the sixteenth line of said order, and that the said order granted below, and from which this appeal is taken, should be amended accordingly.