Mr. Justice MacArthur
delivered the opinion of the court
It will be unnecessary to examine whether most of the representations are true or false, as they are clearly matters of opinion upon questions of law which were equally open to both parties, and in regard to which a misstatement would afford no ground for equitable relief. A misrepresentation for which a contract will be declared void must have relation to a material matter of fact, and with regard to which the complainant had not the means of knowledge. Even if the defendant had'declared that a State had no right to tax government lands, and that, consequently, there could be no tax upon the lands in question previous to the issuance of a patent, this was a question of law or argument which, although *463 now well settled, was formerly a point about which even lawyers might well differ. A party will not be heard to say that he was deceived upon a matter of this description. The defendant controverts the charge of the complainant, and testifies that he gave him all the information in his possession in regard to the title, .and avowed his ignorance of the character or location of the land,: or whether it had been sold for taxes, or whether it was occupied, except that he held the* patent for the same, and referred him for information to C. H. Holden, the person from whom he purchased the certificates; that he showed him a map of this land prepared at the General Land-Office; also the patents; also a certificate of location similar to those in question; also the act of Congress also that he had never seen the lands and knew nothing about them except from the papers 5 that he told him all he knew, without concealing a single fact, and requested him to take all the papers, investigate fully, and when he was willing to pay $5 per acre, defendant would conclude the sale. But we will not further compare the testimony upon this point, but simply state our conclusion that the charge of the bill in respect to representation is not sustained by the-proof.
The allegation that defendant obtained the patents fraudulently is not a matter of which the complainant can avail himself. There is at most a dispute between Holden and defendant whether the latter puchased the certificate, and in a suit for their conversion Holden has been defeated on that issue. Besides, he gave the complainant every opportunity ;,o inform himself on that matter, for he requested him to call on Holden to ascertain from him what he knew in regard to the lands. The same observations will also apply with equal force as to the right of the defendant to fill up with his own.name the blank in the assignment from Blackman. He was shown a similar certificate, and visited the Land-Office previous to the-sale, and was there informed that the title was all right. He had, therefore, the most ample opportunity to inform himself' as to the law and the facts in regard to those matters, and he cannot now be allowed to impeach his contract when he-had the means of knowledge pointed out to him by the very-party with whom he was dealing.
*464 In regard to the interest in this land created by the deeds previously executed by Blackman, it is to be remembered that they are quit-claims, and only included the interest which he then had, and it is by no means clear that a court of equity would compel a grantee after a patent had issued to convey to them. Such would not be the rule at common law. The deed executed by defendant covenants only against those claiming through or by him. The complainant satisfied himself as to the representations by going to the Land-Office, and he has no covenants of general warranty, for title. Where there is neither fraud nor warranty, there is no redress in equity, for it is the warranty which estops the grantor and all persons in privity with him fi;om denying that he was siezed at the time of the conveyance. Crews vs. Burcham, 1 Black, 352; Paton vs. Taylor, 7 How., 157.
Upon the whole, we think the decree below ought to be confirmed.