## TROPE v. KERNS.*

### No. 11,186; December 24, 1888.

20 Pac. 82.

**Ejectment—When Action Lies—Cumulative Remedy.**—Plaintiff who has obtained a valid title to land by foreclosure, and is in possession of a portion of it, can bring ejectment for the balance, and is not compelled to rely on a writ of assistance.

**Mortgage.**—A Decree in Foreclosure cannot be Attacked in Ejectment brought to recover the land sold under the decree.

**A Mortgagor is Estopped by the Terms of His Deed to Deny That His Estate was Other** than an estate in fee, and the terms of

*For subsequent opinion in bank, see 83 Cal. 553, 23 Pac. 691.

a mortgage, importing a conveyance of the fee, are equivalent to a general warranty running with the land.

**Trial.—Where One Special Finding is Conclusive of the Whole Case, Findings on Other issues are unnecessary.**

APPEAL from Superior Court, Monterey County.

R. M. F. Soto and Hermann & Soto for appellant; S. F. Geil and H. V. Morehouse for respondent.

PER CURIAM.—This action is in ejectment for a parcel of land lying in the city of Salinas, Monterey county. The defendant filed a plea in abatement, and an answer traversing all the allegations of the complaint. The plaintiff. filed a special demurrer to that plea, which was sustained. The defendant filed a cross-complaint, to which an answer was filed. The cause was tried upon its merits, and the court gave judgment for the plaintiff, from which this appeal is prosecuted. There are no questions arising in the case to be reviewed, except those relating to the pleadings, and whether the findings are sufficient and support the judgment.

The defendant seems to contend that because his plea in abatement shows that the plaintiff was in possession of nearly all the lot sued for by a valid title under a foreclosure suit and sale and sheriff's deed, that nevertheless he ought not to recover, because he was not in possession of a part of the lot, and did not claim it, for the reason that he did not get out a writ of assistance, and gain possession under the foreclosure sale, but sought in this action to get possession by an action of ejectment. We perceive no merit in this view of the law. The remedy by writ of assistance is merely cumulative, and does not, if a failure to use it occurs, preclude the plaintiff from bringing an action of ejectment. The demurrer was properly sustained.

The defendant contends that the judgment should be reversed, because it is shown by the findings, as he alleges, that in the action of foreclosure, before the judgment was made and entered, a stipulation was entered into by his attorney, himself and the plaintiff's attorney, by which the decree of foreclosure was not to include a portion of the land in controversy, which stipulation, by inadvertence, was not carried out, but the judgment rendered as to the whole of the land.

But this is in the nature of a collateral attack upon the judgment of the district court having jurisdiction of the subject matter and of the parties, in rendering the judgment, to include more land than the parties intended by stipulation should be included. This, we think, cannot be done.

It is further urged that the plaintiff should not have recovered his judgment, because the findings show that the defendant had, before the execution of the mortgage to the plaintiff, deeded a part of the land under certain covenants and agreements to one Iverson, and that when Iverson, under those covenants, removed his tank, the defendant's former title reverted to him, and was good as against his mortgage to the plaintiff, the judgment of foreclosure, the sheriff's sale and deed thereunder. But this appellant is estopped from claiming, as we think. ''The rule that a sheriff's deed delivered upon execution sale imports no warranty of title, but transfers to the purchaser only such estate as was held at the time by the defendant in execution, has no practical application to a sheriff's deed delivered upon foreclosure of a mortgage in fee; for, as we have seen already, the defendant in the latter case must continue to be estopped, by the terms of the mortgage deed itself, to deny that the estate was other or less than an estate in fee in the premises. These terms, importing a conveyance of the fee, are equivalent to a covenant of general warranty of title running with the land'': Association v. Viera, 48 Cal. 580.

There is nothing, therefore, in the other findings which contradicts the ultimate facts set out in the tenth finding, ''that the plaintiff at the time of the commencement of this suit was, ever since has been, and still is, the owner in fee simple of the premises described in the complaint on file herein.'' That finding is conclusive against the defendant's right of possession to the land, and in favor of that of the plaintiff. Findings upon the other issues, which it is claimed by the defendant ought to have been made, were therefore unnecessary: Dyer v. Brogan, 70 Cal. 136, 11 Pac. 589.

No prejudicial error appearing, the judgment is affirmed.