## JESSE MAKAINAI v. GOO WAN HOY.

APPEAL FROM DISTRICT COURT, HONOLULU.

SUBMITTED APRIL 25, 1902.          DECIDED JUNE 6, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Failure of consideration on the ground that no title passed by a warranty deed is no defense to an action on a note for the purchase money, so long as the vendee has not been evicted or obliged to pay off an incumbrance or otherwise injured.

The statutory provision that District Magistrates cannot try actions in which the title to real estate shall come in question, does not apply in such case.

OPINION OF THE COURT BY FREAR, C.J.

This is an action upon one of two notes of $250 each given by the defendant to the plaintiff on account of the purchase price of certain land conveyed by the plaintiff to the defendant by warranty deed,—the balance of the purchase price, $300, having been paid in cash.

The defense was failure of consideration because of defect or want of title. Defendant's counsel in this court assumes that the deed conveyed a good title to half the land, but the evidence seems to show that the claim in the lower court was that no title passed. The only testimony on this point—that of the defendant himself—was "that the title of the land is not good. A will was made by Peter Porter Kauhema giving this land to Uwini. I refused to pay the note because the title of the land is not good." The District Magistrate dismissed the case for

want of jurisdiction because, in his opinion, the title to real estate was involved. Civ. L., Sec. 1119.

It appears from the defendant's own testimony that he was in possession of the land at the time of the trial, that he had built a house on it and was receiving rent for it and that no action had been brought against him for the land. It does not appear even that his title had ever been questioned except by himself.

In our opinion, the District Magistrate should have retained jurisdiction on the ground that the defect or want of title, if any, could not be set up under the circumstances. "The doctrine is well established that where the grantee has been put in possession of land conveyed with covenants of warranty, and has not been ousted or otherwise disturbed in his possession, he cannot refuse payment of the purchase price according to his agreement by showing that some third person had title adverse to his grantor, even though he did not know of such adverse claim at the time he took his deed, if no fraud was practiced on him." *Jourolmon v. Ewing,* 80 Fed. R. 604, 610.

"The general principle   *   *   *   that mere absence of title will not, of itself, constitute a valid defence to the payment of securities given for the purchase money, has been very generally recognized throughout the United States, and, apart from local legislation or practice, it may be considered as settled that in cases free from fraud, the purchaser will not, when sued at law for the purchase money, be allowed to detain it, unless, in the case of a covenant against incumbrances, he has so paid the amount or otherwise suffered actual loss as to entitle him to present damages; or, in case of the covenants being those for quiet enjoyment or warranty, there has been an actual or constructive eviction." Rawle, Cov. for Tit., Sec. 333. See also 1 Randolph, Com. Paper, Secs. 545-547; *Patton v. Taylor,* 7 How. 132, 159; *Noonan v. Lee,* 2 Black 499; *Alger v. Anderson,* 92 Fed. R. 696, 713.

The appeal is sustained, the judgment appealed from set aside and the case remanded to the District Magistrate for further proceedings.

*Achi & Johnson* for plaintiff.

*Holmes & Stanley* for defendant.