## J. T. LAFFERTY v. ELIAS EVANS.

(Filed September 5, 1906.)

1. CORPORATIONS—Conveyances by—Void, When. A conveyance by a corporation, of real estate and a warranty of title, when such corporation is unauthorizedly attempting to exercise corporate powers where no power as a corporation has in fact been granted to it, is void.

2. SAME—Grantee—Rights of. The grantee of such corporation giving his note and mortgage to the corporation as a part payment of the purchase price of real estate conveyed, and who thereafter goes into possession of such property, which at the time of conveyance was vacant and unimproved, may, without eviction, defend against an action to recover judgment on such notes and foreclose such mortgage, where the action is brought by the corporation or its assignee with notice, on the ground of want of consideration.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Hackney & Lafferty,* for plaintiff in error.

*J. F. King,* for defendant in error.

### STATEMENT OF FACTS.

This is an action commenced in the district court of Kay county, O. T., by the plaintiff in error, J. T. Lafferty, against the defendant in error, to recover the amount due upon two certain promissory notes, bearing date on the 24th day of September, 1901, given for the aggregate sum of $200.00, and to foreclose a mortgage given by the said Elias Evans and

his wife, Maggie Evans to secure the payment of the said notes.

It appears from the record that at the time the notes and mortgage were given a certain corporation, the Ponca City Land & Improvement Company, claiming to be the owners and possessed of the title of lot 22 in block 42 in the townsite of Hartman a (legal) subdivision of the city of Ponca City in said county and territory sold and conveyed to said Elias Evans and Maggie Evans by its warranty deed the premises above described, to-wit: Lots 22 in block 42, in the townsite of Hartman, a legal subdivision of the city of Ponca City, in said Kay county, Oklahoma, and as a part of the purchase price of said premises took back from the said Evans and wife the notes and mortgage now sought to be enforced in this action.

The Ponca City Land & Improvement Company subsequently assigned and transferred the notes and mortgage to the plaintiff, who, at the date of said deed by the corporation to Evans was and still is one of the officers, to-wit: The secretary thereof.

The answer of the defendants allege that the notes and mortgage were procured by false and fraudulent representation and statements made by him, Evans, by the Ponca City Land & Improvement Company at the time said notes and mortgage were executed; that there was a total failure of consideration for the same, because the said Ponca City Land & Improvement Coompany did not have and could not procure any title whatever to said premises, and further alleged that one Marie Eugenie Excoffier at the time of the said conveyance by the said corporation to him, then held and had, and still has and holds the full and perfect title to

said premises by a direct chain of title from the government of the United States to her.

The answer further alleges that the Ponca City Land & Improvement Company was a corporation organized under the laws of the state of Kansas for the sole and only purpose, and with the sole and only power of buying and selling real estate in the Territory of Oklahoma, and that under its articles of incorporation and charter it had no power or authority to do any business in the state of Kansas, or anywhere else except in the Territory of Oklahoma; that at no time since the organization of the Territory of Oklahoma could any corporation be legally created or incorporated under its laws for the purpose of buying, selling, owning or acquiring title to real estate. That J. W. Lynch, Burton S. Barnes, C. B. Barnes and J. W. Dalton, who are and have been continuously since September 1893, citizens and residents of the Territory of Oklahooma, caused the corporation, the Ponca City Land & Improvement Company, to be created and incorporated under the laws of the state of Kansas, with the design and purpose of evading, circumventing and defrauding the laws of the Territory of Oklahoma. That the said Ponca City Land & Improvement Company has not now and never did have any power or authority to hold, bargain for or acquire title to any real estate in the Territory of Oklahoma. That the said Lynch, Burton S. Barnes, C. B. Barnes and J. W. Dalton together with the plaintiff herein, J. T. Lafferty, constituted the said corporation and were the officers and stockholders thereof, and that the true chain of title to said premises came from the United States to Daniel F. Stiles, from Daniel F. Stiles to Burton S. Barnes and John

W. Dalton and from Burton S. Barnes and John W. Dalton to Marie Eugenie Excoffier.

There is nothing in the record showing any title in the Ponca City Land & Improvement Company at the time said company executed the conveyance to Evans, or at any time, but it does appear that the deed from Barnes and Dalton to Mrs. Excoffier was of record at the time the company attempted to convey the property to Evans.

Opinion of the court by

GILLETTE, J.: Only a single proposition is presented for determination in this case, and that the right of a grantee in a conveyance of real estate while in the possession of the estate conveyed, to question the right of his grantor in an action by his grantor to foreclose a mortgage, upon the estate conveyed for the satisfaction of a promissory note given for the purchase price.

Under the common law this could not be done, and the English rule has been adopted by the supreme court of the United States, and applied to all causes arising within the federal jurisdiction. It has also been adopted as the rule in many of the states of the Union. *Peters v. Bowman,* 8 Otto. 56; *Noonan v. Lee,* 67 U. S. 499; *Patton et al, v. Taylor, et al,* 48 U. S. 132; *Abbott v. Allen,* 2 John. Ch. 519 (N. Y.) ; *Corning v. Smith,* 6 N. Y. 82; *Banks v. Walker,* 2 Sands (N. Y. ch.) 345; *Black v. Thompson,* 36 N. E. 643 (Ind.) ; *Adams v. Fry,* 10 Southern 559 (Flor.) ; *Sunderland v. Bell,* 17 Pac. 600 (Kan.)

This rule seems to be placed upon the theory that where a grantee by reason of his grantor's conveyance and warranty has entered into the possession of the real estate conveyed and

there has been no eviction, he cannot set up a failure of his grantor's title for the purpose of questioning his own liability upon a note and mortgage given for a part of the purchase price; and this apparently upon the theory that he may never be evicted, but may continue to hold and enjoy the possession delivered to him, and must pay his obligation by force of which he went into possession, and rely for his relief, if an eviction does occur, upon the covenants of his conveyance.

If there are no covenants of seizin or warranty he is without relief.

The editor of the Am. & Eng. Enc. of Law under the title "Failure of consideration," says, (vol. 6, p. 789):

"The entire failure of consideration has the same effect as its original and total absence, and therefore the contract is void, and no rights can issue out of it," and follows this declaration with what he terms the "older rule" touching failure of title to real property:

"Consonant with the principle that mutual promises are valid considerations, each for the other, it was held in the earlier cases that where a promissory note was given for the purchase price of land conveyed by deed containing covenants of warranty and seizin, and the title to the land failed, the covenants in the deed formed a sufficient consideration for the note, and that the purchaser could not plead failure of title as a defense, but must pay the note, and for his relief resort to a cross-action upon the covenants," citing many authorities in support thereof, and follows this with what he terms a "Modern rule," as follows:

"But this rule, savoring more of superfluous refinement than of practical wisdom, has now happily passed away, and it is the modern practice, where there has been a total failure of title, to allow this to be set up in defense to an action upon the note as a total failure of consideration."

He cites many cases in support of the same, among them *Cook v. Mix,* 11 Conn. 432, in which Bissell, J., said:

"We do not assent to the proposition, that the covenant in the deed formed any part of the consideration for the note. What, it may be asked, is to be understood by a total failure of consideration? It is very obvious that when the party does not get that which by the terms of the contract he was to receive, and for which his note is given, the consideration of the note fails and fails wholly.

"On a sale of personal property, there is always an implied warranty of title. But it turns out that the vendor has no title. Was it ever supposed that he could recover the purchase money, and turn the vendee over to his remedy on the warranty? And is there any well founded distinction between a sale of real estate with covenants, and a sale of personal property with warranty? We suppose not. And we suppose it to be perfectly well settled, that where a total failure of consideration is shown it is an answer to the action."

If as here argued by Bissell, J., the covenants of a deed are not the consideration contemplated in a conveyance of real estate, but such consideration is in fact the title to the real estate conveyed which having failed authorizes a defense to a promissory note given for a part of the purchase money, then under our procedure which recognizes as a defense the plea of want of consideration, such plea is a good defense to the promissory note sued on in this case, and if it is a good defense to the note, why not to a mortgage given to secure it?

An answer to this question is found in some apparently well considered cases which in effect hold that the note and mortgage are one contract, and are one transaction, and must be considered together, and the covenants of warranty in the

mortgage cannot be disputed by the person giving the same. *Trope v. Kerns,* 20 Pac. 82 (Col.)

But this rule, we think, ought to be limited to cases where the consideration for the note and mortgage is something other than a conveyance of the property mortgaged at the time the mortgage is given, for in such case the giving of the deed, and the execution of the note and mortgage may be said to be one transaction; and if the title conveyed by the deed fails, the covenant in the mortgage fails as a result of the wrongful and void obligation of the grantor in the deed, and he has no right to take advantage of his own wrong to recover something for nothing.

And, we think, that in such a case where it may be clearly and satisfactorily shown that the title of the grantor has failed, it is unjust to deny to the mortgagor the right to plead want of consideration because of the failure of the title, and compel him to rely upon the covenants of warranty in the deed, in a separate action brought to recover thereon, for such rule requires two actions to settle what ought to be settled in one, and necessitates legal steps to satisfy separate judgments; for it must be conceded that if the title conveyed by the mortgage has failed, the judgment must be satisfied by execution ultimately, and the person suffering from such execution may have a worthless warranty for compensation.

This, we think, is the status of this case. The action was brought by the plaintiff, J. F. Lafferty, to recover upon a note and mortgage assigned to him by the Ponca City Land & Improvement Co.

He was not an innocent purchaser of the note but took the same burdened with the obligation of that company to

its grantor,' Elias Evans; and on the trial of the case it was shown that the property conveyed was a vacant unimproved lot which Evans went into the possession of after the deed was executed. If the deed conveyed no title, he was and is a trespasser thereon upon the rights of whoever owns the premises by a true legal title, and it was shown that one Marie Eugenie Excoffier had received the conveyance thereof from the assumed grantors of the Ponca City Land & Improvement Company prior to the time that any pretended title vested in the company.

It is further shown that such company was acting as a corporation under a charter from the state of Kansas, but that state has not in such charter granted said corporation. the power to do any business whatever in the state of Kansas. Its powers and authority as such corporation were authorized to be exercised in the Territory of Oklahoma only, and by the charter it was granted powers in Oklahoma which were denied it by the laws of Oklahoma and of the United States. It was held by this court in the case of *John T. Myatt v. The Ponca City Land & Improvement Co.* 14 Okla. 189, that such company did not by force of its charter possess the powers pretended to be conferred upon it either in the state of Kansas or the Territory of Oklahoma, which were, "To own, sell, lease, rent, exchange and improve lands, town lots and other real estate, and buildings and improvements thereon in Oklahoma Territory."

The right to exercise its corporate powers having been denied in this territory for want of corporate capacity, how can it be said to possess, nevertheless, the power to convey real estate and warrant the title?

If it had no existence as a corporation its pretended acts as such were a mere nullity, and its attempted conveyance and warranty to Evans an assumption of a power to act and contract which could not be enforced. It was a fiction in law as well as in fact. There must be two parties to a contract, and in the pretended conveyance to the defendant there was only one, and that one the defendant.

There was therefore neither a conveyance nor a contract of warranty as a consideration for the note and mortgage sought to be foreclosed in this case, in consequence of a want of capacity on the part of the Ponca City Land & Improvement Company to make and enter into an agreement to that effect.

Its attempt to do so, and thereby obtain the note and mortgage sued on was a fraud upon the rights of the defendant, and not enforceable as an agreement or contract creating an obligation to pay anything to said company. By its transfer to the plaintiff he acquired no greater right than the company had.

The judgment of the lower court is therefore affirmed with costs.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.