## LYNCH et al. v. CALKINS.

No. 4481—Opinion Filed May 27, 1919.

Rehearing Denied July 8, 1919.

(Syllabus by the Court.)

**Corporations — Ejectment —Deeds—Followed Case.**

Judgment of the court below affirmed upon the authority of Myatt v. Ponca City Land & Improvement Co., 14 Okla. 189, 78 Pac. 185, 68 L. R. A. 810.

Error from District Court, Kay County: W. M. Bowles, Judge.

Action in ejectment by Charles F. Calkins against the Ponca City Land & Improvement Company, in which a motion of J. W. Lynch to be substituted in place of the named defendant was sustained. Judgment for plaintiff, and defendants bring error. Affirmed.

Sam K. Sullivan, W. P. Hackney, and J. T. Lafferty, for plaintiffs in error.

J. F. King, for defendant in error.

KANE, J. This was an action in ejectment commenced by the defendant in error, plaintiff below, against the Ponca City Land & Improvement Company and its tenant, Charles Bryant, for the possession of lot 23, in block 40, townsite of Hartman, a legal subdivision of Ponca City. Bryant disclaimed any interest in the lot, except as tenant of his codefendant, the Ponca City Land & Improvement Company, and dropped out of the case. Later, James W. Lynch filed his motion to be substituted in place of the Ponca City Land & Improvement Company, which motion was sustained, and thereafter the action proceeded between Calkins and Lynch, finally resulting in a judgment in favor of the former, whereupon Lynch commenced this proceeding in error for the purpose of reviewing the action of the trial court.

The record before us is very voluminous, but a careful analysis thereof discloses that the questions presented for review are but echoes of the old Ponca City town-site fight, various phases of which have been dragging their way through the courts of this jurisdiction for the past quarter of a century or more. Out of the many cases growing out of this unhappy controversy, the following have reached this court: Barnes and Dalton v. Lynch, 9 Okla. 156, 59 Pac. 995; Myatt v. Ponca City Land & Improvement Co., 14 Okla. 189, 78 Pac. 185, 68 L. R. A. 810; Lynch v. United States, 13 Okla. 142, 73 Pac. 1095; Lafferty v. Evans, 17 Okla. 247, 87 Pac. 304, 21 L. R. A. (N. S.) 363; Lynch v. Perryman, 29 Okla. 615, 119 Pac. 229.

As the opinions rendered in the foregoing cases contain elaborate statements of the facts as disclosed by the record herein and admittedly settle many of the questions of law arising in the case at bar, we will not attempt a restatement of the facts in detail or a discussion of any of the principles of law admittedly settled, except where we may find it necessary for the discussion of some question which it is claimed is peculiar to this particular case.

The plaintiff deraigns title to the lot in controversy through the following chain of conveyances:

(1) Patent from the United States to Daniel F. Stiles.

(2) Deed of general warranty from Daniel F. Stiles to Harry C. C. Stiles.

(3) Power of attorney from Harry C. C. Stiles to Daniel F. Stiles.

(4) Deed from Daniel F. Stiles as attorney in fact to Barnes and Dalton.

(5) Deed from Barnes and Dalton to the Parlin & Orendorff Company.

(6) Deed of special warranty from Parlin & Orendorff Company to C. F. Calkins.

The record further shows that Conkright and Prather were the original town-site settlers on the lot in controversy; that they made valuable and lasting improvements thereon under the town-site laws of the United States, and received the usual town-site certificate therefor from Barns and Dalton, the promoters of the town-site company; and that they sold their improvements and assigned their certificate to the Parlin & Orendorff Company, whereupon the deed to the lot was made to the Parlin & Orendorff Company by Barnes and Dalton, instead of to the original town-site settlers, in accordance with the practice adopted by Lynch, Barnes and Dalton and the other town-site promoters and organizers of the Ponca City Land & Improvement Company. Thus far the case seems to be in all respects similar to the case of Myatt v. Ponca City Land & Improvement Company, supra, which must be held to be controlling; unless, as counsel for plaintiffs in error contend, certain facts which they call to our attention distinguish the two cases.

Looking to the opinions in the cases hereinbefore cited for points of contact, the contention of counsel for plaintiffs in error may be summarized as follows:

It seems that, at the time of the transfer of the lot in controversy from Barnes and Dalton to the Parlin & Orendorff Company, there were two certain actions pending in the district court of Kay county, entitled, respectively, Barnes and Dalton v. Lynch and Pryor v. Ponca City Land & Improvement Company, commenced for the purpose of compelling the conveyance of the tract of land, of which this lot formed a part, from Barnes and Dalton to the Ponca City Land & Improvement Company, after the organization of that company; that one of these cases proceeded to a judgment whereby it was considered, ordered, and adjudged by the court that Barnes and Dalton make, execute, and deliver to the Ponca City Land & Improvement Company a good and sufficient conveyance for all of said real estate, etc. This case was subsequently appealed to the Supreme Court, where the appeal was dismissed. Burton S. Barnes et al. v. J. W. Lynch et al., 9 Okla. 11, 59 Pac. 995. Lynch now claims that inasmuch as the action of the Barnes et al., supra, was lis pendens at the time of the conveyance of the lot from Barnes and Dalton to the Parlin & Orendorff Company, the legal effect of the judgment rendered therein was to vest in him the title to the lot in controversy, under the rule announced by this court in Lynch v. Perryman, supra. Counsel argue that as to the defendant in error the judgment in the cases referred to was lis pendens:

(1) Because he does not contend that he ever had any interest in said lots; and

(2) Because he was informed of the judgment and that its effect would be to vest the title of the lot in controversy in Lynch, before he procured his title from the Parlin & Orendorff Company; that it was not necessary for them to so inform him of anything other than that established by the judgment itself; that, this being an action in ejectment, the burden was on the defendant in error to establish his right to recover on the strength of his own title alone and his grantor, the Parlin & Orendorff Company, never having any title, as shown in the original deed, he could get none from them.

We are unable to agree with any of these contentions, except that in ejectment the plaintiff is required to recover on the strength of his own title, and not upon the weakness of his adversary's.

In the case at bar we think the plaintiff, by the chain of conveyances hereinbefore set out, showed complete legal title to the lot to be in him, and that he was entitled to ejectment against any one disputing his right of possession. The legal title being in Barnes and Dalton when they executed the deed to the Parlin & Orendorff Company, of course it immediately passed to the latter. But even if a deed had been subsequently made by Barnes and Dalton to the void organization known as the Ponca City Land & Improvement Company, as directed by the judg-

ment of the district court, such deed would have conveyed no title to the company. A deed of land to such an organization as that was held to be in Myatt v. Ponca City Land & Improvement Company, supra, would convey no title whatever, nor would such a deed in any way effect the title acquired by the Parlin & Orendorff Company under the deed made in due course by Barnes and Dalton. In the Myatt Case, supra, it was held that the Ponca City Land & Improvement Company, because of its fraud upon the laws of the states of Oklahoma and Kansas, was a mere nullity incapable of acquiring or holding real estate in this state. But if we go still farther and assume, as counsel contends, that the title to this land passed to Lynch by operation of law under the rule announced in the Perryman Case, still Lynch would merely hold as trustee for the town-site settlers and their assigns. Myatt v. Land Company, supra. He could in no event deprive them of acquiring title to the lots which they earned by settlement, improvement, or purchase in pursuance of their agreement with Lynch and the other town-site promoters.

The rule announced in the Perryman Case would no doubt be equitable as between Barnes and Dalton and Lynch, or between the tenants of the Ponca City Land & Improvement Company, such as Perryman was, and Lynch; but to extend it to persons like the plaintiff, who trace their title back through the original entryman to the United States, would be to pervert, not only the principles of law, but the well-established principles of equity.

As in our judgment the plaintiff is clearly entitled to recover upon the settled law and the uncontradicted facts of the case, no useful purpose would be subserved in discussing any of the other questions presented for review.

Judgment of the court below is therefore affirmed.

All the Justices concur.