## ALDRIDGE *et al.* v. WHITTEN.

No. 5348. Opinion Filed March 28, 1916.

(156 Pac. 667.)

1. **EJECTMENT—Title—Recovery by Plaintiff.** In ejectment the plaintiff must recover on the strength of his own title.

2. **INDIANS—Devolution of Estate—What Law Governs.** Where an Indian minor dies after statehood, the devolution of the estate is governed by the laws of the State of Oklahoma.

3. **SAME—Ejectment—Instructions—Evidence.** Where an Indian minor died in October, 1908, leaving a father and mother surviving, and in 1910 the mother and sister executed a lease to the plaintiff, on which he predicates his right to possession, there being no evidence of the death of the father, an instruction to the jury to find for the plaintiff was erroneous.

(Syllabus by Devereux, C.)

*Error from District Court, Seminole County;*
*Thomas D. McKeown, Judge.*

Action by J. H. Whitten against E. C. Aldridge and another. Judgment for plaintiff, and defendants bring error. Reversed, and new trial granted.

This was an action for the possession of land, and the petition contains the necessary allegations that plaintiff is the owner of a legal and equitable estate in the land, and that the defendants are in the wrongful possession thereof, and wrongfully withhold the possession from the plaintiff. The petition also alleges the fair rental value, and prays judgment for the possession and damages. The answer is a general denial, and the defendant Aldridge alleges that he is the owner of the land, and was in possession long before the petition was filed, and that Bruzier is in possession as his tenant. It appears from the evidence that the land in dispute is the surplus allotment of

one Allie, a half-breed Seminole, who was four years old at the time of her enrollment, and who died in October, 1908. The plaintiff claims the right of possession under a lease dated May 26, 1910, for four years, executed by Hanna, the mother of Allie, and by Nicey, her sister. The evidence also shows that at the time of the death of Allie she left surviving her her father and mother, but the record is silent as to whether the father was living or not when the lease was executed. There was mention made in the cross-examination of the plaintiff as to the existence of a deed executed by Hanna, the mother of the allottee, but the defendants did not offer this deed in evidence, nor did they offer any evidence on the issue of title in defendant Aldridge. There was evidence as to the value of the rents and profits, and the court charged the jury:

"The court instructs the jury that upon the evidence in this case you should return a verdict for the plaintiff for possession of the land in controversy, and the only issue for you to determine is what is the amount of the reasonable rental value of said lands during the years 1910, 1911, and 1912, and you fix the amount of the plaintiff's recovery as damages the amount you may find from the evidence to be the said reasonable rental value."

This charge was duly excepted to. The jury returned a verdict for the plaintiff, and fixed his damages at $225. There was a motion for a new trial, which was overruled, and exceptions saved, and the defendants bring the case to this court by petition in error and case-made.

*Crump & Skinner*, for plaintiffs in error.

*John W. Willmott*, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). In our opinion, it was error to direct a ver-

dict for the plaintiff under the evidence in this case. The allottee died in October, 1908, after statehood, and therefore the law of descent and distribution of the State of Oklahoma governed. The Oklahoma statute in force at the death of the allottee provides:

"If decedent leave no issue, nor husband, nor wife, the estate must go to the father." (Wilson's Rev. & Ann. St. 1903, sec. 6895.)

It appears from the evidence that the allottee was living with her father and mother at the time of her death in October, 1908, and, there being no evidence of the father's death, he is presumed to have been alive on May 26, 1910, when the lease was made, and, there being no evidence that the allottee left issue or husband or wife, under this statute the land was inherited by the father. The rule is well settled that in an action to recover land the plaintiff must recover on the strength of his own title. *Young v. Chapman*, 37 Okla. 19, 130 Pac. 289; *Hurst v. Sawyer*, 2 Okla. 470, 37 Pac. 817. There being no evidence that the father of the allottee was dead, plaintiff below failed to show title in himself, and was not entitled to recover. It is true that in the cross-examination of the plaintiff below he was asked:

"Q. You know there was a deed on record to Mr. Aldridge? A. Yes, sir. Q. And you knew the deed was from Hanna? A. No, sir. Q. Didn't you know the deed was from Hanna to E. C. Aldridge? A. No, sir; Hanna told me she did not sign it. Q. Who was it purported to be signed by? A. Hanna."

The defendants, however, contented themselves with this cross-examination, and did not offer the deed in evidence. In 5 Enc. of Ev. p. 29, it is said:

"Actual possession under color of title is sufficient to protect the defendant in ejectment until a superior right is shown by the plaintiff, but, where the defendant offers no evidence to justify his possession, it may fairly be inferred that he is a mere trespasser."

It was under a lease from Hanna that the plaintiff claimed, and, had the defendants introduced a deed from Hanna, the plaintiff could not have disputed her title, as both claimed under a common source, but the evidence above set out does not show any such deed. It is also argued that the plaintiffs in error cannot now change the theory on which they tried the case in the court below, because the exception to the peremptory instruction was:

"That the testimony shows that the land was allotted to Allie, a Seminole Indian, that the father and mother of Allie both are living, and that said father of Allie did not join in the rental contract to the plaintiff in this case, and that the court should instruct the jury that the extent of the recovery of plaintiff will be for the possession of a one-half undivided interest in said land, and not for the whole tract."

On whatever theory the defendants below proceeded, a valid objection was made to the charge, and the error properly preserved in the record, and in any aspect of the case there was error.

What we have said is not in conflict with *Thorn v. Cone*, 47 Okla. 781, 150 Pac. 701, because in that case the allottee died prior to statehood, and the devolution of the estate was governed by the laws of Arkansas, and also in that case the father and mother were both full-blood Seminoles. In the case at bar it appears that Allie was a half-breed, but the record is silent as to the source of her non-Indian blood.

We therefore recommend that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.