## REIRDON v. SMITH et al.

No. 6553—Opinion Filed Dec. 12, 1916.

(161 Pac. 798.)

**1. Indians—Lands—Lease—Validity.**

Where a full-blood Choctaw allottee leases allotted lands to R. on November 28, 1905, for a term of five years, commencing with the date of the lease, and on August 12, 1908, leases the same lands to S. and others for a term of five years from the date of the lease, such second lease being subject to the existing lease for five years, which by its terms was to run until 1910, was unauthorized and void.

**2. Landlord and Tenant—Lease—Record— Necessity for Acknowledgment.**

Section 660, ch. 27, Mansfield's Digest, Ark., in force in Indian Territory before statehood, providing, "Deeds and instruments of writing for the conveyance of any real estate, or by which any real estate may be affected in law or equity, shall be proven or duly acknowledged in conformity with the provisions of this act before they or any of them shall be admitted to record," required that a lease of land be acknowledged before such lease would be entitled to record, and any purported recording of an unacknowledged lease would be a nullity.

**3. Indians—Lands—Lease—Record.**

Under Act. Cong. June 28, 1898, ch. 517, 30 Stat. 507, known as the "Atoka Agreement," requiring and providing that every lease which is not evidenced by writing, or which is not recorded in the clerk's office of the United States court for the district in which the land is located, within three months from the date of its execution, shall be void, an unacknowledged lease of an Indian allotment, even though entered of record, would be a nullity and void.

**4. Ejectment—Right of Action—Title of Plaintiff.**

Plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of that of his adversary.

(Syllabus by Rummons, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by C. R. Smith and others against J. P. Reirdon. Judgment for plaintiffs, and defendant brings error. Reversed, with directions to enter judgment for defendant.

George E. Rider and E. S. Hurt, for plaintiff in error.

Kennamer & Coakley, for defendants in error.

Opinion by RUMMONS, C. This action was begun in the district court of Marshall county April 5, 1915, by the defendants in error, hereinafter styled plaintiffs, against the plaintiff in error, hereinafter styled defendant, in ejectment and for the recovery of mesne profits of a tract of land in Marshall county, the allotment of a full-blood Choctaw Indian.

Ward Webster, the allottee, on December 5, 1903, executed a lease to the defendant for said tract of land for a term of five years. This lease, though recorded in the recording district at Tishomingo, was not acknowledged. On the 28th day of November, 1905, the allottee executed to defendant another lease of said land for the full term of five years. On August 12, 1908, the allottee executed to plaintiffs a lease of said land for a term of five years. On September 4, 1909, the allottee executed a lease of said lands to defendant for a term of three years, commencing November 28, 1910.

Plaintiffs claim to be entitled to the possession and the rents and profits of said lands after the expiration of the second lease to defendant on November 28, 1910. The case was tried to the court without the intervention of a jury, resulting in a judgment for plaintiffs in the sum of $215, as the rents and profits of said land for the years 1911 and 1912, and a finding that at the time of judgment, because of the expiration of their lease, the plaintiffs were not entitled to possession thereof. To reverse this judgment, defendant prosecutes this proceeding in error.

This case is governed by the decision of the Supreme Court of the United States in case of United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844. It is there held in construing the act of Congress governing the leasing of Quapaw allotments, which in its terms is substantially similar to the act of Congress governing the leasing of Choctaw allotments except that in the case of Choctaw allotments the limitation to which a lease might extend is five years, while in the case of Quapaw allotments it might extend to ten years, that a lease for ten years, made in 1905, subject to an existing lease for ten years on the same property, which by its

terms was to run to 1912, was unauthorized and void. At the time the lease under which plaintiffs claim was taken, the lease to defendant taken in 1905 had more than two years to run, and if this lease was valid plaintiffs' lease would fall under the ban of the decision of the United States v. Noble, supra, and be of no effect. It remains, therefore, to be determined whether or not the lease to defendant executed in 1905 was valid and effectual.

The trial court considered the first lease to defendant, executed in 1903, as being of no force and effect, and treated the lease to defendant in 1905 as valid, and, following the decisions of this court, prior to the decision in United States v. Noble, supra, held the lease to plaintiffs to be a valid lease effective upon the expiration of the lease to defendant made in 1905, and held the third lease to defendant made in 1909, as void and of no effect. We think the trial court correctly interpreted the lease of 1903. The Atoka Agreement (Act Cong. June 28, 1898, 30 Stat. 495, 507) provides:

"Every lease which is not evidenced by writing, setting out specifically the terms thereof, or which is not recorded in the clerk's office of the United States court for the district in which the land is located, within three months after the date of its execution, shall be void, and the purchaser or lessee shall acquire no rights whatever by an entry or holding thereunder."

By act of Congress approved February 19, 1903 (32 Stat. 841, ch. 707), known as the Recording Act, chapter 27, Mansfield's Digest, 1884, so far as the same was applicable and not inconsistent with any act of Congress, was extended to the Indian Territory.

Section 660, ch. 27 Mansfield's Digest, is as follows:

"All deeds and other instruments in writing for the conveyance of any real estate, or by which any real estate may be affected in law or equity, shall be proven or duly acknowledged in conformity with the provisions of this act before they or any of them shall be admitted to record."

It follows, therefore, that the first lease of 1903, not having been acknowledged, was not entitled to record, and the purported recording of the same was a nullity. Campbell v. Richardson, 6 Okla. 375, 51 Pac. 659; Ray v. Southern Trading Co., 29 Okla. 242, 116 Pac. 810. Therefore this lease was not recorded as required by the act of June 28, 1898, and was void and of no effect. The defendant therefore was free to enter into a new lease with the allottee, which he did in 1905,

and we conclude that the trial court correctly held the lease of 1905 was valid and effectual.

The court, however, erred in holding the lease of plaintiffs executed in 1908 to be a valid lease. This lease, upon the authority of United States v. Noble, supra, was an "overlapping lease," and therefore void and of no effect. It does not matter whether or not the lease to defendant executed in 1909 was void, for, the plaintiffs' lease being void, they had no title upon which to maintain this action, since the plaintiff in an action in ejectment must recover upon the strength of his title, and not upon the weakness of that of his adversary. Mullen v. Glass, 43 Okla. 549, 143 Pac. 679; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366.

The judgment of the court below should be reversed, with directions to enter judgment for the defendant.

By the Court: It is so ordered.