## STARR v. THOMPSON et al.

No. 9777—Opinion Filed Feb. 8, 1921.

(Syllabus by the Court.)

**1. Ejectment—Recovery—Title of Plaintiff.**

One who brings suit to recover possession of land must recover on the strength of his own title, and not upon the weakness of his adversary's.

**2. Same—Quieting Title—Right to Sue.**

In an action to recover possession of land, where the undisputed proof shows that plaintiff, prior to filing of his suit, had conveyed his interest in said land, the plaintiff, not being the real party in interest, cannot maintain his suit.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by Turner Starr against W. P. Thompson and another to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

W. H. Kornegay and W. P. Thompson, for plaintiff in error.

W. F. Rampendahl, for defendants in error.

ELTING, J. This suit was filed in the district court of Tulsa county, Oklahoma, on October 8, 1915, by Turner Starr, plaintiff below and plaintiff in error herein, against W. P. Thompson and Albert B. Marks, defendants in error herein.

Turner Starr was a Cherokee freedman, and received as his allotment the lands involved in this litigation and which lands are described in his petition filed in the court below. This suit was brought by the plaintiff for possession of said land and to quiet title to same; alleging that a certain deed executed by plaintiff to said land was void because the plaintiff, Turner Starr, was a minor at the time of the execution of the said deed; that said deed was dated May 27, 1907, and was made to Seymour Jones, grantor of the defendant in error.

The record shows that service was had upon the defendants personally, October 17, 1915. There was considerable evidence taken in an effort to show that Turner Starr would not have been 21 years of age until October 12th, after the time of the taking of the deed, May 27, 1907. The defendants answered, denying the contention of the plaintiff that he was not of age at the time of the taking of the deed; also pleaded and relied upon the statute of limitations of five years, three years, two years, and one year, as found in the Statutes of Oklahoma; also pleaded the statute of limitations of the state of Arkansas.

It also appears that the plaintiff in error, by and through his attorney, admitted in open court that the plaintiff in error executed to J. E. Padgett a deed to the lands in controversy and did so on October 19, 1909, and that J. E. Padgett afterward conveyed said lands to one A. H. Sharum. Date of last deed was February 28, 1910. A. H. Sharum testified in court that he was the grantee of J. E. Padgett of the lands in controversy. The plaintiff in error, in the prayer of his petition, asks for judgment against each of the defendants in error for the possession of said lands and asks for judgment for the unlawful detention of same in the sum of $480, and for a decree quieting title in said land in the plaintiff, and enjoining the defendants from setting up any claim, title, interest, or estate in and to said lands.

The court below found in favor of the defendants, holding that the action of the plaintiff was barred by the statute of limitation, and upon the further ground that the plaintiff had no legal or equitable title to the lands involved in the action and whatever interest he may have had he had parted with it by conveyance made before the institution of this cause; and that this suit was brought solely upon the strength of the plaintiff's title and for his own benefit, and that he was in no position to maintain the action, and giving judgment for the defendants against the plaintiff for such lands and the cost of suit.

This court finds it not necessary to go into the question as to whether the court below decided correctly upon the question of the statute of limitation, but upon the question of the right of this plaintiff in error to sustain said suit this court holds that the court below held correctly. This plaintiff in error set up claim to this land strictly for his own benefit, and would be held to recover, if a recovery was had at all, upon the strength of his own and not upon the weakness of the title of his adversary. See Linam. v. Beck, 51 Okla. 727, 152 Pac. 344; Aldridge v. Whitten, 56 Okla. 694, 156 Pac. 667; Reirdon v. Smith, 62 Okla. 48, 161 Pac. 798; and the recent case of Lynch v. Calkins, 75 Okla. 137, 182 Pac. 225, where Justice Kane says:

"Plaintiff is required to recover upon the strength of his own title and not upon the weakness of his adversary's."

It nowhere appears in the record that. after the admission in court of the execution of the deed to J. E. Padgett and after the development of the fact that the plaintiff in error had conveyed his interest in said land prior to the institution of the suit, the plaintiff in error in any way sought by amended pleadings and proofs to show any right to further sustain his action in the cause, either under any warranty or by attack upon the validity of the deed or denial of its execution, and by his silence the plaintiff in error must be taken to mean that he had made conveyance of his interest in said land prior to the institution of his suit.

In the case of Schock et al. v. Fish, 45 Okla. 12, 144 Pac. 584, it is held:

"In a suit in equity to cancel a certain conveyance and to quiet title to land. the uncontroverted evidence shows that plaintiff had conveyed all his right. title. and interest in the land to a third party prior to the institution of this suit. Held, the trial court should have dismissed plaintiff's petition."

In the case of Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, the second paragraph of the syllabus is as follows:

"A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title of such real estate."

See, also, case of Lewis et al. v. Clements, 21 Okla. 167, 95 Pac. 769.

See, in this connection, section 4681, Revised Laws of Oklahoma 1910, which reads as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

This court is of the opinion that the judgment of the court below should be sustained, and the same is affirmed.

HARRISON, C. J., and PITCHFORD, JOHNSON, MILLER, and NICHOLSON, JJ., concur.