## SMITH et al. v. BLUNT.

No. 10242—Opinion Filed July 12, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

1. **Marriage—Common-Law Marriage—Validity.**

Where the facts show that the mutual intention of a man and woman was to consummate marriage, and that they cohabited as man and wife, holding themselves out to the public and to neighbors as such at all times, a common-law marriage is established. Thomas v. James et al., 69 Oklahoma, 171 Pac. 855.

2. **Tenancy in Common—Action in Ejectment — Recovery by One Cotenant Against Party With No Title.**

A tenant in common may sue separately in ejectment, and if defendants show no title, may recover possession of the entire estate in subordination to the rights of cotenants.

3. **Same.**

In an action by the plaintiff in ejectment

where the evidence shows that the plaintiff owns an interest in the land, the exact extent of the plaintiff's interest not appearing from the evidence, but that the plaintiff owns an interest in the lands in common with other parties not parties to the action and that the defendants have no title whatsoever to the lands, the plaintiff may recover possession of the entire estate in subordination to the rights of her cotenants.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Annie Blunt against T. R. H. Smith and Pattie B. Smith to quiet title and for possession to 160 acres of land located in McIntosh County. Judgment for the plaintiff, and defendants appeal. Modified and affirmed.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiffs in error.

J. B. Lucas and Britton H. Tabor, for defendant in error.

KENNAMER, J. On January 5, 1917, defendant in error, Annie Blunt, as plaintiff, filed this action in the district court of McIntosh county, aganst T. R. H. Smith and Pattie B. Smith, as defendants, alleging ownership in fee simple of the southwest quarter of section nine, township eleven north, range fifteen east, in McIntosh county, Oklahoma.

The plaintiff pleaded two causes of action, The first cause of action prayed the judgment of the court quieting her title in and to the lands in controversy. The second cause of action was an action in ejectment. The defendants answered, denying generally the allegations of the plaintiff's petition, and asserted ownership to the lands under certain deeds and pleaded the statutes of limitation.

The lands involved in this action were allotted to one Nokechee, an enrolled full-blood Creek Indian, who died in the year 1905, and left as her sole and only heir-at-law Freeland Jones, enrolled as a full-blood Creek Indian under the name of Phelama, who was the only child of Nokechee. Freeland Jones died in the year 1910, and the plaintiff in this action, Annie Blunt, asserts title and ownership to the lands as the only surviving heir of Freeland Jones (Phelama). The plaintiff claimed to be the only heir of the deceased Freeland Jones by reason of the fact that she is his surviving wife and that the deceased Freeland Jones died intestate leaving no father, mother, brother, or sister, nor issue.

The plaintiff in the action contended in the trial of the cause that in the year of

1908 she commenced living with the deceased, Freeland Jones, under an agreement of marriage, and lived with the deceased up until the time of his death in the year of 1910, and that their agreement and cohabitation together constituted a common-law marriage. The defendants claimed title to the land under a deed executed by Freeland Jones in 1907 and a deed executed by him in the year 1908.

Upon the issues joined a trial was had before the Honorable R. W. Higgins, district judge in the district court of McIntosh county. The court found the issues in favor of the plaintiff; found that the plaintiff was the surviving wife of the deceased Freeland Jones; that the plaintiff was the owner of the lands in controversy and entitled to the immediate possession thereof, and rendered judgment quieting the title to the plaintiff in and to said lands and for the immediate possession of the same.

To reverse this judgment, the defendants, T. R. H. Smith and Pattie B. Smith, have appealed and appear in this court as plaintiffs in error against Annie Blunt, defendant in error. The parties will be referred to as they appeared in the trial of the cause.

Eight assignments of error are found in the petition of the plaintiffs in error. The first assignment of error presents the question as to whether the trial court erred in holding that the plaintiff, Annie Blunt, was legally married to Freeland Jones. Upon examination of the record we believe there was sufficient testimony to establish the relation of husband and wife between Freeland Jones and the plaintiff, Annie Blunt. Having lived together for two years or more prior to the death of Freeland Jones and held themselves out to the public as husband and wife, under numerous decisions of the court the same constitutes in law a valid common-law marriage.

Counsel for the defendants contend that the evidence shows that the plaintiff in this action knew that Freeland Jones had lived, prior to the time the plaintiff and the said Jones entered into the marital relation, with another woman by the name of Jennie Fish, whom he claimed as his wife, and the said Jones having a wife at the time he assumed the marital relation with the plaintiff, that the alleged marriage of the plaintiff and the said Jones was invalid: but upon a careful consideration of the record we are unable to say that there was sufficient evidence to show that Freeland Jones, at the time he entered into the marriage contract with the plaintiff, was legally married to Jennie Fish.

It is true that in order to constitute a valid common-law marriage the parties entering into the same must be competent under the law to enter into such a contract, and the burden of proof is upon the parties asserting that the relation of husband and wife exists under a common-law marriage to establish by evidence that the parties to the common-law marriage were competent to enter into such a contract, and if either of the parties is disqualified from assuming the marital relation by reason of having a former husband or wife, then in such a situation they are incompetent to enter into a contract of marriage; but the trial court found the issues in favor of the plaintiff on this proposition, and there appears to be sufficient evidence in the record to support his findings.

The plaintiff, being the surviving wife of Freeland Jones, deceased, under all of the testimony adduced in the trial of the cause is entitled to inherit part of the estate of the deceased, if not all. If the deceased left a surviving father, mother, brother, or sister, then she would only be entitled to inherit one-half of his estate. The plaintiff testified that the deceased did have a half-brother and half-sister, but whether they are living or dead we are unable to say from the record. However, it is evident that part of the judgment of the court decreeing the plaintiff to be the owner of all of the lands in controversy is erroneous.

The deeds under which the defendants claim title to the lands in controversy were properly adjudged to be valid. The first deed, executed in 1907, having been executed by a full-blood Creek Indian, purporting to convey lands which he had inherited from his mother while a minor and having never been approved by the Secretary of the Interior, is void, and the deed executed in 1908 by Freeland Jones while a minor according to the enrollment records, and not having been approved as required by law, is void. Counsel for the defendants insist that the plaintiff in this action must recover upon the strength of her own title, and this rule of law is well settled. Hurst v. Sawyer, 2 Okla. 470, 37 Pac. 817; Jennings v. Brown, 20 Okla. 294, 94 Pac. 557; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366; Linan v. Beck, 51 Okla. 727, 152 Pac. 344; Aldridge v. Whitten, 56 Okla. 694, 156 Pac. 667; and Reirdon v. Smith, 62 Okla. 48, 161 Pac. 789. But the plaintiff is entitled to the possession of the lands as against the defendants, as they have no title and the plaintiff having estab

lished title superior to that of the defendants.

We conclude upon the facts as disclosed by the record that the plaintiff, if not the only heir to the property in controversy, is unquestionably a tenant in common with other heirs not parties to this action. The law appears to be well settled and supported by the authorities that a tenant in common is entitled to the possession of real estate as against all the world except his cotenants, and may maintain ejectment and recover possession of the entire tract as against strangers to the title. 7 R. C. L. par. 107, p. 906; Coulson v. Wing, 42 Kan. 507, 22 Pac. 570; DeBergere et al. v. Chaves et al. (N. M.) 93 Pac. 762; Hardy v. Johnson et al. (N. M.) 93 Pac. 762, 1 Wall. 371, 17 L. Ed. 502.

The court in the case of DeBergere v. Chaves, supra, said:

"A tenant in common may sue separately in ejectment, and, if defendant shows no title he is entitled to recover possession of the entire estate in subordination to the rights of his cotenants."

In the case at bar the plaintiff, as the surviving wife of the deceased, inherits at least a one-half interest in the property in controversy, and according to the undisputed testimony the only title relied upon by the defendants is based upon deeds executed by a full-blood Creek Indian minor. Therefore, the same are absolutely void. The defendants having failed to show any title in the lands, the judgment of the trial court should be affirmed decreeing the plaintiff the possession of the property in controversy, but that part of the judgment decreeing the plaintiff to be the owner in fee simple of all the lands involved in the action should be vacated, as the evidence fails to show the plaintiff to be the only heir of the deceased Freeland Jones. It is so ordered.

KANE, JOHNSON, MILLER, and NICHOLSON, JJ., concur. PITCHFORD, V. C. J., dissents.