**TIBBETTS, Trustee, v. REYNOLDS et al.**

No. 11834—Opinion Filed Oct. 23, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. **Taxation—Requisites of Tax Deeds—Invalidity.**

Section 9746, Comp. Stat. 1921, relating to tax resale by the county, requires that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property, and under this statute the deed must set forth the acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied in order to constitute a

deed valid upon its face; and, where the deed does not contain such statement, or contains only the legal conclusions of the officer executing the instrument in lieu of a statement of facts showing the performance of the acts required by the statute, the deed is void upon its face.

### 2. Same—Judgment—Affirmance.

Record examined, and held, that the judgment of the trial court sustaining demurrer to plaintiff's evidence should be affirmed.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by D. M. Tibbetts, trustee, against Mrs. Geo. B. Reynolds et al. Judgment for defendants and plaintiff brings error. Affirmed.

Fred W. Green, for plaintiff in error.

H. M. Adams, for defendants in error.

COCHRAN, J. This action was filed by the plaintiff in error to quiet title to certain real estate in the city of Guthrie. The plaintiff in error alleged that he was the owner of said property under a certain resale tax deed and that the defendants in error were claiming to be the owners of said property. A demurrer was sustained to the evidence of the plaintiff in error and judgment was rendered for the defendants in error.

The defendants in error contend that the resale tax deed was void upon its face for the reason that said deed was not executed in compliance with section 9746, Comp. Stat. 1921, which requires the treasurer to prepare the deed setting out a summary of the matters and proceedings pertaining to the resale. In construing this statute, this court in Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, said:

"Nor are the requirements of section 9746, supra, satisfied by the county treasurer setting out in the deed his conclusions as to the regularity of the acts and proceedings resulting in the resale. The treasurer should set out the acts and proceedings in the deed relating to the tax sale and resale of the property, and leave to the court the duty of passing upon the sufficiency of the acts and proceedings to meet the requirements of the law for a valid tax deed. * * * In order for a tax deed to be valid on its face, it must contain a recital of the facts from which the court may conclude that all statutory and legal requirements have been satisfied. The court will not take the conclusions and opinions of the officer making the sale and preparing the deed, as to the regularity of the acts and proceedings relating to material matters in the sale and resale of the property for taxes, in lieu of a statement of the facts."

In the case at bar, just as in that case, the deed recites that the tax sale of the property to the county was on due and legal notice, which is merely the legal conclusion of the officer executing the deed and not a statement of the prerequisites of the act authorizing the execution of the deed, and in that case the court held that the failure of the deed to meet the legal requirements in this respect rendered the deed void upon its face.

We reaffirm the rule announced in the foregoing case that in these circumstances the trial court properly sustained a demurrer to plaintiff's evidence.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.