## PIERCE v. BARRETT.

No. 14278—Opinion Filed Oct. 23, 1923.

Rehearing Denied Nov. 27, 1923.

**1. Taxation — Tax Deeds — Recitals.**

Among the several duties imposed on the county treasurer by section 9746, Compiled Stats. of 1921, relating to a tax resale by the county, is the requirement that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property.

**2. Same.**

The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

**3. Same—Void Deed.**

A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face.

**4. Same — Basis for Limitation of Actions.**

A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action upon the deed.

**5. Same — Void Deed.**

Record examined, and held, that by reason of the statement of a legal conclusion in lieu of the recital of the facts relating to a material matter in the deed renders the same void upon its face.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Inez Burch Barrett to quiet title against Harry Pierce. Judgment for plaintiff. Defendant brings error. Affirmed.

Albert Rennie, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action in the district court of Garvin county, in which it was alleged that she was the owner of and in possession of the real estate described in the petition, and prayed that the title be quieted in plaintiff as against the de-

fendant. The defendant answered by way of general denial and cross-action that he was the owner of and entitled to the property through a resale tax deed executed and delivered to him by the county treasurer of Garvin county. A copy of the deed was attached to the answer showing a resale of the land by the county treasurer for taxes on December 2, 1920, based on a sale to the county for taxes on November 10, 1914, for taxes due in the year 1913. Judgment went for the plaintiff, and the defendant has brought error on a transcript of the record. Among the several grounds urged by the defendant for a reversal of the cause, is that the action was not commenced within six months from the date of the recording of the deed, and is therefore barred by the statute of limitations. The plaintiff has answered that the deed is void upon its face and insufficient to set the statute of limitations in operation. We are not unmindful of section 9750, Compiled Stats. of 1921, which provides that a tax deed shall be presumptive evidence of the sufficiency of the several acts required on the part of the officers conducting the tax sale to constitute a valid conveyance. Among the several duties required of the county treasurer under section 9746, Compiled Stats. of 1921, relating to a resale and the execution of a tax deed, is the provision that the officer shall prepare a deed setting out a summary of the matters and proceedings pertaining to the resale. While not here deciding that the presumptions created by section 9750, supra, in favor of the validity of a tax deed, will apply to a resale tax deed, the latter must contain a statement of the matters and proceedings resulting in the sale in order to receive the benefit of the presumption in favor of the validity of the acts therein recited. Nor are the requirements of section 9746, supra, satisfied by the county treasurer setting out in the deed his conclusions as to the regularity of the acts and proceedings resulting in the resale. The treasurer should set out the acts and proceedings in the deed relating to the tax sale and resale of the property, and leave to the court the duty of passing upon the sufficiency of the acts and proceedings to meet the requirements of the law for a valid tax deed. Geekie v. Kirby Carpenter Co., 106 U. S. 379, 27 U. S. (L. Ed.) 157; DeFrieze v. Quint, 94 Cal. 653, 30 Pac. 1, 28 A. S. R. 151; Conners v. Lowell, 209 Mass. 111, 95 N. E. 412, Ann. Cas. 1912 B, page 627; State v. Winn, 19 Wis. 304, 88 Am. Dec. 689.

In order for a tax deed to be valid on its face it must contain a recital of the facts from which the court may conclude that all statutory and legal requirements have been satisfied. The court will not take the conclusions and opinions of the officer making the sale and preparing the deed, as to the regularity of the acts and proceedings relating to material matters in the sale and resale of the property for taxes, in lieu of a statement of the facts. Charland v. Home for Aged Women, 204 Mass. 563, 91 N. E. 146, 134 A. S. R. 696.

The deed in the instant case recites that the tax sale of the property to the county was on due and legal notice. Relating to a prerequisite act for a valid sale to the county, the absence of which would render the sale void, we have only the legal conclusions of the officer executing the deed to the defendant. The opinion of the officer executing the deed as to the sufficiency of the notice of the sale of the property is of no more aid to court in determining the validity of the sale and tax deed, than if the deed had been silent in this respect. Inasmuch as the deed failed to meet the legal requirements in a material matter, it is void upon its face. The deed being void upon its face is insufficient to set the statute of limitations in operation against the plaintiff's right to maintain the present action. Keller v. Hawk, 19 Okla. 407, 91 Pac. 778; Blanchard v. Reed, 67 Okla. 137, 168 Pac. 664.

Having reached the foregoing conclusion it would serve no useful purpose to consider other errors assigned by the plaintiff in error.

Therefore, it is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.