## ADAMS et al. v. MOTTLEY.

No. 12667—Opinion Filed Jan. 15, 1924.

Rehearing Denied Feb. 19, 1924.

1. **Taxation—Tax Deeds—Recital of Proceedings.**

Among the several duties imposed on the county treasurer by section 9746, Comp. Stat. 1921, relating to a tax resale by the county, is the requirement that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property.

2. **Same—Province of Court.**

The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may de-

termine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

3. **Same—Recital of Mere Legal Conclusions in Deed.**

A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face.

4. **Same—Void Tax Deed—Statute of Limitations.**

A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action to recover from one claiming under the deed.

5. **Same—Invalidity of Deed.**

Record examined, and held, that the statement of a legal conclusion in lieu of the recital of the facts relating to a material matter in the deed renders the same void upon its face.

6. **Affirmance of Judgment.**

Record examined; held, to support the judgment for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by George W. Mottley against H. M. Adams, as administrator of the estate of Linnie B. Mottley, deceased, A. D. Adams, and H. M. Adams et al. for possession of real estate and accounting between the parties. Judgment for plaintiff. Defendants bring error. Affirmed.

H. M. Adams and John F. Anderson, for plaintiffs in error.

John Adams, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendants in the district court of Logan county, for possession of the real estate described in petition and for an accounting on rents and other items of expense pertaining to the subject-matter. As grounds for his cause of action the plaintiff alleged that his mother, Lottie M. Mottley, was the owner of the property and in possession thereof at the time of her death in 1912, and that he is the sole and surviving heir of the deceased. H. M. Adams was appointed administrator of the estate in 1912, and rented and collected

rents on the property. The taxes for 1910 on the property became delinquent and the property was sold for taxes and purchased by the county. The county caused the resale of the property for taxes in the year 1914, at which sale A. D. Adams, the wife of the administrator, became the purchaser. Among the several recitals in the tax deed was one to the effect that the sale was made on due and legal notice. The plaintiff resided at all times in another state and alleged that he did not ascertain the existence of the tax deed until about ten days prior to the commencement of this action. The plaintiff tendered the delinquent taxes, costs, and penalties, and prayed recovery for the reasonable rental value of the property. It appears that the defendant had made certain improvements on the property in the meantime. When this case was called for trial A. D. Adams, the apparent holder of the title under the tax deed, and the wife of H. M. Adams, the administrator, made default, and H. M. Adams was substituted in her personal capacity for his wife, as defendant. In the trial of this cause judgment went for the plaintiff for possession of the property and an accounting was had between the parties, which resulted in a money judgment in favor of the plaintiff and against the defendants for $206. The defendants have appealed the cause to this court and assign various errors for reversal of the judgment. As the tax deed under which the defendants claim merely stated a legal conclusion upon the part of the officer preparing the deed as to certain acts and proceedings prerequisite to a valid deed, had in connection with the sale and resale of the property for taxes, the instant case comes within the rule applied in Pierce v. Barrett, which was decided on October 23, 1923, 93 Okla. 283, 220 Pac. 652.

We have examined the record in relation to the accounting had between the parties, and find that the evidence supports the judgment thereon in favor of the plaintiff. Having reached the foregoing conclusion, it would not serve any good purpose to make further examination of errors assigned and questions involved herein.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.