## ADAMS v. HEIRS OF McKINNEY et al.

No. 12668—Opinion Filed March 18, 1924.

### 1. Ejectment—Recovery on Own Title.

In suits in ejectment the plaintiff must recover upon the strength of his own title, and not upon weakness of the title of his adversary.

### 2. Taxation—Tax Deeds—Recitals as to Sale Proceedings.

Among the several duties imposed on the county treasurer by section 9746, Compiled Laws of 1921, relating to a tax resale by the county, is the requirement that the tax

deed show a statement of the acts and proceedings had in making the sale and resale of the property. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652; Tibbetts, Trustee, v. Reynolds et al., 101 Okla. 119, 223 Pac. 185; Adams et al. v. Mottley, 97 Okla. 230, 223 Pac. 356.

### 3. Same.

The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale and for the court to determine the legal sufficiency thereof. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652; Tibbetts, Trustee, v. Reynolds et al., supra; Adams et al. v. Mottley, supra.

### 4. Same—Statement of Mere Legal Conclusion.

A legal conclusion in a deed by the officer executing instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face. Pierce v. Barrett, supra; Adams et al. v. Mottley, supra.

### 5. Same—Void Tax Deed Ineffective to Start Limitations.

A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action on the deed. Pierce v. Barrett, supra; Adams et al. v. Mottley, supra.

### 6. Same—Resale Procedure—Notice — Former Statute.

Under the resale law as enacted by the Oklahoma Legislature in the session of 1919, appearing as section 9744, Comp. Stat. 1921, and previous to the amendment thereto in the legislative session of 1923, the treasurer was required to advertise the property in the name of the last record owner as appeared in the office of the county clerk; and where the treasurer failed to give such notice in the name of the last record owner as appeared in the county clerk's office, the notice was insufficient to authorize the sale of said property at resale; and the sale and treasurer's resale deed based upon such insufficient notice, is invalid and void.

### 7. Judgment Sustained.

Record examined, and held, that there is no error in the record requiring a reversal of the judgment; and that the same should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; C. C. Smith, Judge.

Action in ejectment by H. M. Adams against the known and unknown heirs of Ann E. McKinney, deceased, and others, for possession of real estate located in the City of Guthrie, and to quiet title thereto. Judgment for defendants; plaintiff appeals. Affirmed.

H. M. Adams, in pro, per.

John Adams, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error, H. M. Adams, hereinafter called plaintiff, commenced this action in the district court of Logan county on the 15th of December, 1920, against the known and unknown heirs of Ann E. McKinney, deceased, and others, defendants in error, hereinafter referred to as defendants. He alleges ownership in himself of the legal and equitable title in and to lots 3 and 4 in block 10 in the city of Guthrie, and that he is entitled to the immediate possession thereof, and that the property is now in the possession of the defendants or some of them, and that they are wrongfully withholding the same. The basis of plaintiff's title as alleged is a resale tax deed issued to him covering the property by the treasurer of Logan county, on the 29th of November 1919, the resale of the property having been had pursuant to purchase of the property by the county at delinquent sales in November, 1916, and in November, 1917. The resale deed is attached to the petition as an exhibit thereto.

The defendant Mrs. M. F. Ramey filed separate answer by general denial of the allegations of the petition. She affirmatively alleges that the resale deed was null and void for several reasons; among others, that the notice of resale showed that name of the last record owner as Leonard Kirk when in truth and in fact the last record owner was Ann E. McKinney, as shown in the recorder's office and upon the tax rolls. Other defendants answered to the same effect. The defendants in their answers tendered the delinquent taxes together with penalty and costs.

The plaintiff replied denying all the allegations of affirmative defenses, and for further reply it is alleged that the deed on which plaintiff relies was recorded on the 24th of December, 1919, and that the action was not commenced until after the lapse of six months from and after the recording of the deed, and the six months statute of limitation is pleaded against the defense pleaded by the defendants.

The cause was tried to the court without a jury on the 7th of April, 1921. After hearing the evidence the court entered judgment for defendants, holding the resale deed on which plaintiff relies null and void. The plaintiff appeals and assigns several errors. It seems to us that the inquiry as to whether the resale deed was valid should settle the whole question, if it is found that the deed was invalid and void.

This is a suit in ejectment, and it has been repeatedly held by this court that in ejectment the plaintiff must win upon the strength of his own title and not upon the weakness of the title of his adversary. Linam v. Beck, 51 Okla. 727, 152 Pac. 344; Aldridge v. Whitten, 56 Okla. 694, 156 Pac. 667; Reirdon v. Smith, 62 Okla. 48, 161 Pac. 798; Lynch v. Calkins, 75 Okla. 137, 182 Pac. 225; Starr v. Thompson, 80 Okla. 223, 195 Pac. 758.

The deed upon which the plaintiff relies was similar to the resale deed under consideration in Tibbetts, Trustee, v. Reynolds et al., 101 Okla. 119, 223 Pac. 185; Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, and Adams et al. v. Mottley, 97 Okla. 230, 223 Pac. 356.

It was held in these cases that:

"The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale and for the court to determine the legal sufficiency thereof."

"A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face."

These cases are controlling in the instant case.

Upon the trial of this cause it was shown that the notice published by the county treasurer showed the property in the name of Leonard Kirk, as last record owner, when the records both in the treasurer's office and in the county clerk's office show the last record owner to be Ann E. McKinney. Section 9744, Comp. Stat. 1921, provides, with reference to notice to be given, that:

"Such notice shall contain a description of the real estate to be sold, the name of the last record owner of said real estate as shown by the records in the office of the county clerk. * * * "

We think this provision of the statute is

mandatory and the failure to comply therewith destroys the validity of the resale deed based upon such notice.

It is contended that the lapse of more than six months from the date the deed was recorded before suit was commenced had the effect of barring the defendants from setting up defenses. It was held in Pierce v. Barrett, supra, and in Adams v. Mottley, supra, that:

"A tax deed, void upon its face, is not sufficient to set the statute of limitation in operation against an action on the deed."

We think the rule laid down in these cases is applicable here. The deed being void upon its face was not sufficient to put the statute of limitation in operation. The provision of the statute (section 9746, Comp. Stat. 1921) is:

"And six (6) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set said deed aside."

This is not a suit brought to void the deed. The suit was brought by the plaintiff to establish an alleged right created by the deed. This court has repeatedly held in effect that defenses are not barred so long as the rights asserted by the plaintiff survive; that statutes of limitation apply generally to actions and not to defenses. Stauffer v. Campbell, 30 Okla. 76, 118 Pac. 391; Advance Thresher Co. v. Doak, 36 Okla. 532, 129 Pac. 736; Scrivner v. McClelland, 75 Okla. 239, 182 Pac. 503; Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806.

In Clark v. Duncanson, supra, this court held:

"Statutes of limitations apply generally to actions and not defenses. Held, that where the plaintiff is in possession claiming title under a tax deed, and commences an action against the former owner within twelve months after the recording of his tax deed, to quiet title, the former owner may challenge the validity of the tax deed by answer filed more than twelve months after the tax deed was recorded."

We think that the deed on which the plaintiff relied was void upon its face for the reason assigned in the cases cited; and was void because the notice of the resale required by the statute was not given.

We have examined all the assignments of error and have reached the conclusion that there is no error in the record requiring a reversal of the judgment.

We recommend, therefore, that the judgment be affirmed.

By the Court: It is so ordered.