## ADAMS v. LOCKRIDGE GRAIN CO. et al.

No. 13992—Opinion Filed Sept. 16, 1924.

**1. Taxation—Tax Deeds—Recitals as to Resale.**

Among the several duties imposed on the county treasurer by section 9746, Compiled Laws of 1921, relating to tax resale by the county, is the requirement that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652; Tibbetts v. Reynolds et al., 101 Okla. 119, 223 Pac. 185; Adams v. Mottley, 97 Okla. 230, 223 Pac. 356; Adams v. Heirs of McKinney, 98 Okla. 144, 224 Pac. 692.

**2. Same—Validity of Deed.**

The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale and for the court to determine the legal sufficiency thereof. Pierce v. Barrett, supra; Tibbetts v. Reynolds, supra; Adams v. Mottley, supra; Adams v. Heirs of McKinney, supra.

**3. Same.**

A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face. Pierce v. Barrett, supra; Adams v. Mottley, supra; Adams v. Heirs of McKinney, supra.

**4. Same—Void Tax Deed Ineffective to Start Limitations.**

A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action on the deed. Pierce v. Barrett, supra; Adams v. Mottley, supra; Adams v. Heirs of McKinney, supra.

**5. Judgment Sustained.**

Record examined; and held, that there is no error in the record requiring a reversal of the judgment; and that the same should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by H. M. Adams against the Lockridge Grain Company, a corporation, and Lockridge Townsite Company, a corporation, and O. G. Downing, for possession of real

estate, to quiet title, and for rents and profits. Judgment for defendants, and plaintiff appeals. Affirmed.

H. M. Adams, for plaintiff in error.

C. G. Horner, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error, by his petition, sought to recover possession of real estate described as lots 5, 6, 7 and 8 in block 42, Gray's First addition to Lockridge, located in Logan county, Okla. He alleges ownership and right to possession under a resale deed issued to him by the treasurer of Logan county, dated the 29th of November, 1919. A copy of the resale deed was attached to the petition and made a part of it. An examination of the exhibit shows that the land was returned delinquent for the taxes of 1916 and 1917, and sold to the county for lack of bidders; and in effect recites that a tax sale certificate issued was held in possession of Logan county for more than two years, and no person having offered to purchase same for the taxes, interest, costs and penalties, the land was advertised to sell at resale. The deed recites:

"And whereas, the county treasurer of said Logan county, state of Oklahoma, having given due and legal notice of resale, at public auction of said lots, tracts or parcels of land, pursuant to law."

And, that the land was sold for delinquent taxes on the first Monday in November, 1916, and again in 1917. That the resale was to be held on the 24th of November, 1919, and following, until sale completed.

The defendants answered by general denial; and by affirmative plea that the deed was invalid and void because sufficient time had not intervened between the delinquent sale and the resale as required by law, and offered and tendered the amount of taxes legally owing. The reply of the plaintiff is a plea of the six-months' statute of limitations against the defendants' defense.

The plaintiff, in advance of the trial, filed an application for change of judge, and the application was denied. The cause was called for trial on the 8th of November, 1921, and tried to the court, resulting in a judgment for the defendants. The plaintiff prosecutes appeal and alleges many errors of the trial court. To properly dispose of this appeal, it will be necessary to examine only two of the assignments of error. They are:

(1) The court erred in denying and overruling plaintiff in error's application for a change of judge.

(2) The court erred in not rendering judgment for the plaintiff in error under the pleadings and evidence in this action.

1. The plaintiff in error charged in his application for change of judge, that the regular district judge had passed adversely upon a similar resale deed in another case; that plaintiff in error and the present trial judge had been on opposite sides in the litigation of a number of tax title suits; that the present trial judge is opposed to upholding tax deeds, and is biased and prejudiced against plaintiff in error; and prayed the judge to certify his disqualification in the present case. The application was overruled and denied; and plaintiff in error presents the action of the court upon his application for change of judge as error. The defendants in error raise the question that the application was not verified. The plaintiff in error cites his own statement in his brief where he said it was verified, as proof of the verification. The record shows that plaintiff in error signed the application and the verification, but the jurat is blank. But, whether it was verified or not is a matter of little consequence, as we see the matter. Even if the allegations of the application were sufficient to require the trial judge to certify his disqualification, if taken as true, we think taking an exception to the ruling of the court in denying the application and refusing to certify his disqualification, and presenting the matter on appeal as an assignment of error, is not the proper course under our practice. The learned trial judge evidently did not feel himself disqualified to try plaintiff's case: while from the application it seems that plaintiff in error thought that he was disqualified and should so certify. Plaintiff in error was not required to rest upon the ruling of the judge upon that matter. Under our practice he might well have presented the matter by petition for writ of mandamus and let the Supreme Court determine whether or not the trial judge should be required to certify his disqualification.

2. The second matter necessary to examine is whether or not the court erred in rendering judgment for defendants. The plaintiff in error's claim of right to recover is based upon a resale tax deed. An examination of the resale deed shows that it is similar to the resale deeds litigated in Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185; Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652; Adams v. Mottley, 97 Okla. 230, 223 Pac. 356, and Adams v. Heirs of McKinney, 98 Okla. 144, 224 Pac. 692. In all of those cases the deed under consideration recited conclusions of the county treas-

urer as to the matter of notice given of the resale. In the deed under consideration here, the recital of the deed as to notice of resale is as hereinbefore quoted. In the cases cited it was held:

"The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

"A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face."

Applying the rule laid down in those cases to the deed under consideration here, the conclusion must be reached that the deed is void upon its face, since the facts are not stated as to the notice but the recital as to that matter is a mere conclusion of the officer as to due and legal notice.

The plaintiff in error contends that even though the deed is void upon its face, it was sufficient to put in operation the six-months' statute of limitations, and the defendants were barred by the short statute from setting up the invalidity of the deed as a defense. The same question was before the court in Pierce v. Barrett, supra: Adams v. Mottley, supra; and Adams v. Heirs of McKinney, supra. In all of these cases it was held that:

"A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action on the deed."

This action was not an action to void the deed, but an action to enforce rights under the deed. The invalidity of the deed was set up as purely defensive matter. It has been frequently held that statutes of limitation apply generally to actions and not to defenses. Stauffer v. Campbell, 30 Okla. 76, 118 Pac. 391; Advance Thresher Co. v. Doak, 36 Okla. 532, 129 Pac. 736: Scrivner v. McClelland, 75 Okla. 239, 182 Pac. 503: Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806.

In Adams v. Heirs of McKinney, supra, the court quoted approvingly from Clark v Duncanson, supra, as follows:

"Statutes of limitations apply generally to actions and not defenses. Held, that where the plaintiff is in possession claiming title

under a tax deed, and commences an action against the former owner within twelve months after the recording of his tax deed, to quiet title, the former owner may challenge the validity of the tax deed by answer filed more than twelve months after the tax deed was recorded."

The general rule is that so long as the right of action survives in the plaintiff, defensive matters are not barred by the statute of limitations. It is a well-established and salutary rule. So long as plaintiff's right of action to establish rights under his resale deed survives, defendants are not barred to set up the invalidity of the deed.

Upon the questions presented the above cases are controlling whether the trial judge was biased and prejudiced against Mr. Adams or not, the judgment of the trial court was correct under the decisions referred to. Had the trial judge certified his disqualification and the case been submitted to another judge, the results could not have been different and be upheld.

We refuse to find reversible error because the trial judge refused to certify his disqualification and denied the application for a change of judge.

We have examined the entire record, and conclude that no reversible error appears therein. The judgment for the defendants in error is correct, and we recommend that it be affirmed.

By the Court: It is so ordered.