## CITY OF TULSA v. EDWARDS et al.

No. 15789—Opinion Filed Sept. 15, 1925.

1. **Taxation—Tax Deeds — Necessary Recitals as to Proceedings in Sales.**

A tax deed on resale must set forth acts and proceedings in connection with the tax sale and the resale from which the court may determine that all legal requirements have been satisfied in order to constitute

a void tax deed upon its face. It is the duty of the officer making the sale and the resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

**2. Same—Necessity for Stating Facts.**

A legal conclusion in a deed by the officer executing the instrument in lieu of a statement of facts purporting to show the doing of a prerequisite act to a valid sale and the resale of the real estate for taxes, renders the deed void upon its face.

**3. Same — Void Deed Ineffective to Start Limitation of Action.**

A tax deed, void upon its face, is not sufficient to set the statute of limitations in operation against an action on the deed.

**4. Same—Tax Sale at Other Than Designated Place.**

Where the notice of a delinquent tax sale states that the lands will be offered at the front door of the courthouse and the lands were offered for sale at the office of the county treasurer, there has not been a substantial compliance with the statute, and such sale is void.

**5. Same—Judgment Affirmed.**

Record examined, and held, that there is no error in the court holding the tax deed void, and the same should be affirmed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by S. D. C. Edwards, Alice A. Edwards, and Emma Weimer (nee Edwards) against the City of Tulsa, to compel the Court Clerk of Delaware County to pay over to the plaintiffs certain condemnation money for lands to be used in the construction of a waterworks plant for the City of Tulsa. Judgment for the plaintiffs, and the City of Tulsa brings error. Affirmed.

I. J. Underwood, City Atty., W. B. Robinson, and Langley & Langley, for plaintiff in error.

Leahy & Brewster, Ira A. Miller, and Harry Seaton, for defendants in error.

Opinion by MAXEY, C. The facts out of which this controversy grows are as follows: The city of Tulsa, a municipal corporation of Tulsa county, Okla. was and is constructing a water supply system for said city, known and designated generally as the Spavinaw Water Supply System. In the construction of the reservoir caused by the damming of Spavinaw creek in Mayes county, the said Spavinaw creek or river was dammed by the building of a large concrete dam at a point down stream, approxi-

mately four or five miles from the westerly line of Delaware county. Certain lands in both Mayes and Delaware counties were condemned by the said city of Tulsa as being necessary for the construction of said water project. In the condemnation action in Delaware county, two certain tracts described as tracts Nos. 18 and 19 were condemned. The city of Tulsa alleged in said action in condemnation that certain parties, to wit, S. D. C. Edwards and Alice A. Edwards, his wife, H. W. Green, and Pearl Green, were the owners of the tract described as tract No. 18; that Emma Weimer (nee Edwards), H. W. Green, and Pearl Green were the owners or claimed to be the owners of the tract or parcel of land described as tract No. 19. The city of Tulsa was unable to effect an amicable settlement with the owners or claimants of interest in either of said tracts, and said lands were condemned by the court and were duly appraised by the commissioners appointed by the court for such purpose. The amount of the award was paid into court by the city of Tulsa, although exceptions to such award were made by the city of Tulsa, and a demand for a trial by jury was filed by the said city of Tulsa. After such appraisement had been made, the city of Tulsa purchased the interest of the said H. W. Green and Pearl Green in and to said ten-acre tracts. The record discloses that said lands had been sold for taxes for the year of 1911, and the city now claims title to said lands by reason of being assignee in interest from such tax deed holders. After the award had been paid into court and before a jury could be had upon the amount of such award, the claimants of title, S. D. C. Edwards, Alice A. Edwards, and Emma Weimer (nee Edwards), filed an application for an order directing the clerk to pay the amount of such award to said defendants in error. A trial was had upon such application and the trial court held that the tax deeds under which the city of Tulsa claimed were void and ordered the clerk to pay to the defendants in error the full amount of such award, and it is from such finding and judgment that the plaintiff in error prosecutes this appeal.

The defendants in error, S. D. C. Edwards, Alice A. Edwards, and Emma Weimer (nee Edwards, filed a reply to the city of Tulsa's claim in which they alleged that the tax deed under which the city of Tulsa claimed was void upon its face and therefore conveyed no title to the city of Tulsa or its grantors. A trial was had and the court found that the tax deed under which the

city of Tulsa claimed was void upon its face and ordered the money deposited in court paid to the defendants in error, S. D. C. Edwards, Alice A. Edwards, and Emma Weimer (nee Edwards). This is what is commonly called a resale tax deed, and there have been a number of cases before this court on such deeds, and the resale tax deed has been held void in the following cases: Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185; Pierce v. Barrett, 93 Okla.283, 226 Pac. 652; Adams v. Mottley, 97 Okla. 230, 223 Pac. 356; Adams v. McKinney's Heirs, 98 Okla. 144, 224 Pac. 692. This court held the tax deed void in all of the foregoing cases on the grounds of some defects.

Adams v. McKinney's Heirs, 98 Okla. 144, 224 Pac. 692, holds:

"The deed must set forth acts and proceedings in connection with the sale and resale, from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid deed upon its face. It is the duty of the officer making the sale and resale of property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

"A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of facts, purporting to show the doings of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face.

"A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action on the deed.

"This is not a suit brought to void the deed. This suit was brought by the plaintiff to establish an alleged right created by the deed. This court has repeatedly held, in effect, that defenses are not barred so long as the rights asserted by the plaintiff survive; that the statutes of limitation apply generally to actions, and not defenses."

In the proceedings leading up to said sale and on the face of the deed, and a comparision of the deed in the instant case with the deeds in the foregoing cases, we are compelled to hold that the trial court was right in holding the deed void in this case. Without going into details as to the various alleged defects in the deed in the instant case, we will call attention to a few of them. The statute providing for resale of property provides that such resale be held upon the first Monday in November. The record shows in this case, that the resale was made on the 11th day of November. The statute also provides that the sale shall be in the office of the county treasurer. In the instant case, the notice of resale was that

said sale would take place at the front door of the courthouse. The tax deed recites that on the 11th day of November, 1911, the property was offered for sale, and there being no bidder, said county treasurer, on "the taxes hereinafter set opposite each of said tracts", bid off separately each tract for the amount of said taxes, penalty, interests, and costs, and issued over his hand and seal, as such county treasurer, certificates of purchase to the Greens, and the Greens sold to the city of Tulsa. Another defect is that the notice of sale did not give the names of the record owners.

Without going into further details, we will say that the proceedings, preceding the tax sale upon which the deed is based, are very irregular and do not conform to the statutes, and we think the court was right in holding the tax deed void. The tax deed being void on its face, it follows that the court was right in ordering the condemnation money deposited in court payable to the defendants in error.

Finding no error in the judgment of the trial court, we recommend that the same be, in all things, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1358; 26 R. C. L. p. 418; 3 R. C. L. Supp. p. 1472. (2) 37 Cyc. p. 1358. (3) 37 Cyc. p. 1507; anno 27 L. R. A. (N. S.) 340; 26 R. C. L. p. 442. (4) 37 Cyc. p. 1336. 27 L. R. A. (N. S.) 353; 26 R. C. L. 443. (5) 4 C. J. p. 1129, § 3122.